## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

### BONOS v. THE FERRIES COMPANY.

#### June 13, 1912.

1. DEMURRER TO EVIDENCE—*Party Having Burden of Proof—Compelling Joinder.*—The fact that a party has the burden of proof in a case renders it more difficult for him to resort to a demurrer to the evidence successfully than it would be otherwise, but is no reason why he may not resort to that mode of procedure, and the other party be compelled to join in the demurrer.

2. DEMURRER TO EVIDENCE—*Statement of Grounds—Particularity.*—The degree of particularity required in the statement of the grounds of a demurrer to the evidence depends, to some extent, on the nature of the case. It is sufficient if the demurree is fully advised of the contention of the demurrant.

3. LANDLORD AND TENANT—*Lease—Construction—"Subject to be Used."*—A lease of land used or "subject to be used" for ferry purposes embraces land liable to be used for ferry purposes, whether it has been so used or not.

Error to a judgment of the Corporation Court of the city of Norfolk in an action of unlawful detainer. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*E. R. Baird, Jr., S. M. Brandt,* and *W. H. Moreland,* for the plaintiff in error.

*R. Randolph Hicks,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

The Ferries Company brought an action of unlawful detainer against Bonos, to recover possession of a certain parcel of land

which is described in the writ. The defendant appeared and pleaded not guilty, and, after the evidence for the plaintiff and the defendant had been introduced before the jury, the plaintiff demurred to the evidence, the court rendered a judgment for the premises in favor of the plaintiff, and the defendant has brought the case before us by writ of error.

The *first* error assigned is that upon the plea of not guilty the burden of proof was upon the plaintiff, and therefore it was error to compel the defendant to join in the demurrer; *second*, that under the provisions of the Virginia statute in such case made and provided, the defendant was not required to join in the demurrer until the ground of demurrer was stated in writing; and, *third*, that in giving judgment for the plaintiff for the property in question the court erred, it never having been used for ferry purposes, and, there being no evidence of any enlargement creating a necessity therefor, it did not pass under the lease from the city of Portsmouth and the county of Norfolk to R. E. Jordan, under whom defendant in error claims, he acquiring nothing more as to this property than the right to subject it to ferry uses upon proof that the growth and increase of the ferry business made it necessary for their operation, and that it would be acquired at the joint expense of the city and county.

In *Johnson's Adm'r* v. *C. & O. Ry. Co.*, 91 Va. 171, 21 S. E. 238, there is a satisfactory statement of the rule governing demurrers to evidence. In that case the authorities were considered, and the law stated to be that "by the demurrer to evidence the party demurring is considered as admitting the truth of his adversary's evidence, and all just inferences which can be properly drawn therefrom by a jury, and as waiving all of his own evidence which conflicts with that of his adversary, and all inferences from his own evidence (although not in conflict with his adversary's) which do not necessarily result therefrom."

In terms, or in substance, this statement has been reaffirmed in many subsequent cases. The fact that the demurrant has the burden of proof to carry does not, we think, affect the question. It imposes upon him an additional burden. It renders a successful resort to the demurrer to the evidence more difficult, but we are at a loss to perceive how the demurree can suffer any prejudice by reason of that fact.

When Mr. Burks, in his pamphlet on "Demurrer to Evidence," page 5, which is cited in the petition for a writ of error, states that "either party may demur to the evidence of the other, but this method of defense is not available to the party who has the burden of proof on any issue," we take it that he means that, under such circumstances, a demurrer is not capable of being used to advantage by him upon whom rests the burden of proof. But while a party who, under such circumstances, demurs to the evidence undertakes an onerous task, there is no arbitrary rule which denies him relief, but the court must still inquire whether, after disregarding all of the demurrant's evidence which is in conflict with that of the demurree, there remains enough to entitle him to a judgment.

In this case the defendant pleaded not guilty, the plaintiff demurred, and stated in writing that "the matter aforesaid, so introduced and shown in evidence to the jury by the defendant, is not sufficient in law to maintain the said issue on the part of the defendant, and that it, the said plaintiff, is not bound by the law of the land to answer the same. Wherefore, for want of sufficient matter in that behalf to the said jury shown in evidence, the said plaintiff prays judgment, and that the jury aforesaid may be discharged from giving any verdict upon said issue."

The degree of particularity with which the grounds of demurrer should be stated, in order to meet the requirements of our statute, must depend, to some extent, upon the character of the case. The real point in controversy here is as to the interpretation to be placed upon the lease under which the property is claimed. It is certain that the defendant in error was fully advised of the contention upon the part of the plaintiff which he was required to meet, and that he can have suffered no prejudice from the want of a more specific statement of the ground of demurrer.

Passing, then, from the formal objections, we find that the case, upon its merits, is not to be distinguished from that of *Consolvo & Cheshire* v. *The Ferries Co.*, 112 Va. 318, 71 S. E. 634. In that case the court considered the identical instrument which lies at the root of this controversy, the lease from the city of Portsmouth and the county of Norfolk to R. E. Jordan, and Judge Harrison, speaking for the court, uses the following lan-

63

guage: "The facts in this case impel the conclusion that the use of the property in controversy belongs jointly to the city of Portsmouth and the county of Norfolk, and that its use passed from them to R. E. Jordan, under their joint lease to him of March 31, 1909, and by assignment from R. E. Jordan to the Ferries Company, the plaintiff in this case; that its present use by the Ferries Company is a necessity for the operation of the Norfolk county ferries and the public convenience; and, further, that the adverse claim, under the demise from Norfolk county, asserted by the defendants, Consolvo & Cheshire, is wholly inadequate to defeat the superior rights of the plaintiff."

We refer to the opinion in that case *in extenso*, and are of opinion that it fully sustains the judgment under consideration, which affects land used or subject to be used for ferry purposes. The phrase "subject to be used" was certainly meant to enlarge the scope of that which would have been embraced by the word "used." If the land in question was used, or was *subject to be used*—that is to say, liable to be used—for ferry purposes, then it passed under the lease, whether it had been actually so used or not.

We are of opinion that there is no error in the judgment complained of, which is affirmed.

*Affirmed.*