# Richmond

## McMenamin v. Southern Railway Company.

### January 15, 1914.

1. DEMURRER TO EVIDENCE—*Statement of Grounds—Object—Particularity Required.*—The object of the statute (Acts 1912, p. 75) in requiring the grounds of a demurrer to the evidence to be stated in writing was at least two-fold: First, to require the demurrant to give notice in writing of the grounds or causes of demurrer which he intended to rely on, and, second, to prevent him from assigning grounds of demurrer in the appellate court wholly different from those relied on in the trial court. The degree of particularity required must depend to some extent upon the character of the case. Where the language used is broad enough to embrace and comprehend any one of several causes of demurrer, but fails to specify any one of them as the particular ground or cause relied on with reasonable certainty, considering the facts and circumstances of the case, it is not a sufficient compliance with the statute.

2. DEMURRER TO EVIDENCE—*Grounds—General Statement—Case at Bar.*—Where the ownership by the defendant of the instrumentalities which inflicted the injury complained of was proved by him on the former trial of the case, and in the instant case was admitted by his counsel in his opening statement to the jury, and in the examination and cross-examination of witnesses both parties have proceeded upon the theory that the defendant was such owner, if the defendant intends in his demurrer to the evidence to rely upon the fact that such ownership has not been proved, it is incumbent upon him to plainly state that ground of demurrer in his written statement of grounds of demurrer, or at least to specify it with reasonable certainty, else it cannot be considered. A general specification broad enough to cover that and several other grounds of demurrer is not a compliance with either the letter or the spirit of the statute.

3. DEMURRER TO EVIDENCE—*Grounds—Insufficient Statement—Waiver—Joinder—Duty of Court.*—The failure of a demurree to evidence to object to the grounds of demurrer because not as specific as he desires is not a waiver of the requirement of the statute that the demurrant shall state the grounds of his demurrer with rea-

sonable certainty, and that no other grounds than those so stated shall be considered, nor does it give the court the right to consider such grounds.

Error to a judgment of the Circuit Court of the city of Alexandria in an action of trespass on the case. Judgment for the defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*J. K. M. Norton* and *Edmund Burke,* for the plaintiff in error.

*Francis L. Smith* and *Williams, Tunstall & Thom,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This is the second time this case has been to this court. On the former writ of error, the Southern Railway Company was the plaintiff in error; the judgment against it was reversed because of an erroneous instruction as to the right of the railway company to the defense of the statute of limitations, and the cause remanded for a new trial. *Southern R. Co. v. McMenamin,* 113 Va. 121, 73 S. E. 980.

The judgment complained of in the present writ of error was rendered upon a demurrer to the evidence.

One of the assignments of error is that "the grounds of demurrer to the evidence upon the facts and circumstances of the case were not sufficiently specific under the statute to reasonably disclose the sole ground of demurrer relied on, namely, that the plaintiff had failed to prove ownership by the defendant of the instrumentalities which caused the injury complained of.

The grounds of demurrer assigned were as follows:

"(1) The evidence shows no actionable wrong to the plaintiffs by this defendant.

"(2) The evidence shows even if the plaintiffs had a cause of action against the defendant, which this defendant denies, the same is barred by the statute of limitations.

"(3) The evidence fails to show that this defendant has committed any wrongful act in the premises.

"(4) There is no proof of any damages sustained by the plaintiffs sufficient to form the foundation of a verdict."

It is not contended that the second and fourth of these grounds were sufficient to authorize the consideration of the question of whether or not the evidence proved the ownership by the defendant of said instrumentalities. The matter, therefore, to be determined is whether or not the first or third ground of demurrer stated authorize its consideration.

By an act approved February 19, 1912, amending an act approved March 14, 1906, entitled "An act relating to demurrers to evidence" (Acts 1912, p. 75), it is provided that "In all suits or motions hereafter, when the evidence is concluded before the court and jury, the party tendering the demurrer to evidence shall state in writing specifically the grounds of demurrer relied on, and the demurree shall not be forced to join in the said demurrer until the specific grounds upon which the demurrant relies are stated in writing; nor shall any grounds of demurrer not thus specifically stated be considered, except that the court may, in its discretion, allow the demurrant to withdraw the demurrer; may allow the joinder in demurrer to be withdrawn by the demurree, and new evidence admitted, or a non-suit to be taken until the jury retire from the bar."

The object of that statute was at least two-fold—first, to require the demurrant to give notice in writing of the grounds or causes of demurrer which he intended to rely

on, and, second, to prevent him from assigning grounds of demurrer in the appellate court wholly different from those relied on in the trial court.

As was said by the president of the court in *Bonos* v. *Ferris Co.,* 113 Va. 497, 75 S. E. 126, the degree of particularity within which the grounds of demurrer should be stated in order to meet the requirements of the statute and thus accomplish the purposes for which it was enacted, "must depend to some extent upon the character of the case."

This is an action of trespass on the case, brought to recover damages for injuries resulting, as alleged, from the maintenance by the defendant company of a nuisance on its property. Two pleas were filed, the general issue and the statute of limitations. Upon the first trial (the record of which upon the former writ of error may be looked to by the court—Code, sec. 3463) various defenses were relied on, but it was not claimed by the defendant that it was not the owner of the instrumentalities which inflicted the injury complained of. On the contrary, it introduced evidence, not only to prove that it was the owner, but also to show how and under what circumstances it had acquired the title. Upon the last trial, the one in which the judgment complained of was rendered, the counsel for the defendant company, in his opening statement to the jury, as certified by the trial court in bill of exceptions No. 1, "stated that the defendant and those from whom it derived title had been operating a railroad and yards at the place complained of since before the Civil War; that the three tracks of the Washington Southern Railroad, which were next to the property of the plaintiffs, had been used by great numbers of trains for many years; that the through tracks of the defendant, which were south of the Washington Southern tracks, had been used by great numbers of trains for many years; that the yards of the de-

fendant had been much more used formerly; that for nearly five years before the commencement of this suit the passenger trains of both roads did not use the tracks back of the plaintiffs' property, but the same were run by the Union Station, outside of the city of Alexandria, and for nearly five years before suit brought, a large part of the freight trains went to the Potomac yards of the Washington Southern Railroad, situated north of the city; that the defendant in its yards did far less business than formerly, using only one yard engine, instead of three formerly used.; that the defendant erected and completed the coal chute in 1904 and if the plaintiffs were damaged by its operation, which defendant denied, that such damage commenced over five years before the commencement of the suit and plaintiffs were barred from recovering by the statute of limitations.

In the examination and cross-examination of witnesses, both parties seem to have proceeded upon the theory that the defendant was the owner of the instrumentalities in question. Under these circumstances, if the defendant intended in its demurrer to the evidence to rely upon the fact that its ownership of these instrumentalities had not been proved, it was incumbent upon it to plainly state that ground of demurrer in its written statement, or at least to specify it with reasonable certainty. It is not contended by counsel for the defendant, either in their written or oral argument, that either of the grounds of demurrer do specifically or plainly state that its ownership of the said instrumentalities had not been proved, but their contention is that they embrace that proposition. This is true, but they also embrace other propositions equally fatal to the plaintiff's case, if not sustained by the evidence. Neither of them gave much, if any, more information to the demurree as to the real ground intended to be relied on than the general demurrer under the old

practice would have done.  They no more specified the cause of demurrer afterwards actually relied on than they do any other of the several causes embraced within them.

It is urged in argument that the grounds refer to "this defendant" and paraphrasing these grounds they mean first that the evidence showed no actionable wrong to the plaintiffs by the Southern Railway Company, and, second, the evidence failed to show that the Southern Railway Company had committed any wrongful act in the premises.

The use of the terms *"this* defendant" could have no different meaning from "the defendant," since the Southern Railway Company was the only defendant in the case.  If there had been two or more defendants, there would be some plausibility in that contention.

If such a general specification of the grounds of demurrer were held to be sufficient, it would follow that any specification broad enough in its language to embrace or comprehend any one of several grounds would serve the purpose of stating each and all of them.  Such a holding would not be in accord either with the letter or the spirit of the statute.  The statute would practically fail of the purposes for which it was enacted, for the demurree would not know which of the causes of demurrer embraced or comprehended within the language of the grounds stated was to be relied on and the demurrant could rely upon one or more of them in the trial court and upon others in the appellate court.

It is further argued that the plaintiffs had the right to object to the grounds of demurrer if they were not as specific as they desired, and that by their failure to do so they waived the requirement of the statute.

The statute does provide that the demurree shall not be required to join in the demurrer until the specific grounds upon which the demurrant relies are stated in writing; but it further provides that no ground not thus specifically stated shall be considered by the court.  The

·failure of the demurree to exercise his right to refuse to join in the demurrer until the grounds of demurrer were stated as required by the statute does not give the court the right to do what the statute expressly declares it shall not do. *C. & O. Ry. Co.* v. *Rowsey*, 108 Va. 632, 62 S. E. 363. Nor does it relieve the demurrant from stating his grounds of demurrer as required by the statute, if he wishes the court to consider them. The demurrant knows, or ought to know, before demurring, in what respect the demurree has failed in his proof, and there is no more hardship in requiring him to specifically state it than there is in requiring a party demurring to a declaration to state specifically his grounds of demurrer. One is a demurrer to his adversary's pleading, and the other to his adversary's proof. In both cases the legislature, it is clear, intended that the grounds of demurrer must be stated with reasonable certainty and that no other grounds than those so stated should be considered. Code, sec. 3271; *Bonos* v. *Ferries Co., supra.*

It is further insisted that this court has, in the case of *Miars* v. *Norfolk & Portsmouth Traction Co.,* by refusing a writ of error, held that grounds of demurrer no more specific than those filed in this case were sufficient and that further argument upon principle is therefore unnecessary.

An examination of the record in that case shows that the particular ground or cause of demurrer relied on was not stated specifically, but that the grounds of demurrer stated were broad enough to embrace or comprehend it as well as other grounds—as in this case. As before stated in this opinion, we do not think that a statement of the grounds of demurrer to evidence, where language is broad enough to embrace or comprehend any one of several causes of demurrer, but which fails to specify any one of them as the particular ground or cause relied on with reasonable certainty considering the facts and circum-

stances of the particular case, can be considered as sufficient under the statute, and that in so far as the court's action in the *Miars case* is in conflict with this view it ought not to be followed.

Sometimes placing a construction upon a statute affecting questions of practice different from that which has theretofore obtained results in injustice or hardship in the particular case, and courts, on that account, regret the necessity of making such change, although they are clearly satisfied that the later ruling is the proper one and necessary to give effect to the legislative intent. In this case, however, we have no such feeling, for it clearly appears from the express and unqualified admissions or declarations of the defendant's counsel in his opening statement that his client was the owner of the instrumentalities which inflicted the injuries complained of.

It follows from what has been said that we are of opinion that the trial court erred in considering the question of whether or not the evidence showed that the defendant was the owner of the said instrumentalities, since that cause of demurrer was not specifically stated within the meaning of the statute, under the facts and circumstances of this case.

Having reached this conclusion, it is unnecessary to consider the other errors assigned, as their decision could not affect the result.

The judgment complained of will be reversed, and this court will enter judgment, as the trial court should have done, in favor of the plaintiff.

*Reversed.*