# Staunton

## Newberry v. Watts, Assignee.

### September 7, 1914.

1. Demurrer to Evidence—*Statement of Grounds—When Unnecessary.*—While it is the better practice in all, and indispensab'y necessary in some, cases to state the grounds of a demurrer to the evidence, it would be sticking in the letter and violating the spirit of the statute where there is only one controverted question in the case, and no other could arise on the demurrer to the evidence, to hold that such failure would be ground for reversal.

2. Assignments—*Date—Burden of Proof.*—In an action of debt on a bond by an assignee where the only pleas are payments to and set-offs against the assignor, the burden of proving notice of the assignment is upon the plaintiff.

3. Demurrer to Evidence—*Admissions and Concessions.*—On a demurrer to the evidence, the court is bound to consider all evidence of the demurrant in conflict with that of the demurree as withdrawn, the credibility of the latter's witnesses admitted, and all facts admitted which the demurree's evidence, thus considered, proved or conduced to prove, or which might reasonably be inferred from his whole evidence, direct and circumstantial.

4. Evidence—*Admissibility—Failure to Object—Duty of Jury to Consider.*—The general rule is that the failure to object or otherwise raise the question of the admissibility of evidence on the trial is a waiver of all objections thereto. If secondary evidence is admitted instead of primary, or an incompetent witness is allowed to testify, without objection, in either case, the jury must consider and give due weight to such evidence. The same rule would seem to apply to hearsay evidence. If a litigant sits by and permits evidence to go to the jury which the court, if it had been objected to, would have excluded, the jury have the right, and it is their duty, to consider it along with all the evidence and give it such weight as they think it entitled to. They may or may not believe it, but so far as

they do or do not, their judgment is not controlled by rules of
law.

5. DEMURRER TO EVIDENCE—*When Judgment for Demurree to Be
Given.*—Upon a demurrer to the evidence, if, upon all of the
evidence, the jury might have found for the demurree, or the
court could not have set aside a verdict in his favor for lack
of evidence to support it, it is the duty of the court to enter
up judgment in favor of the demurree.

6. PLEADING—*Action by Assignee—Set-Offs Against Assignor—Judg-
ment.*—Where the plaintiff sues as assignee of a bond and the
defendant relies upon payments to, and set-offs against, the
assignor before notice of the assignment, in excess of the
amount of the bond, and the defense is sustained, and the as-
signor is not made a party to the suit, judgment should sim-
ply be entered for the defendant.

Error to a judgment of the Circuit Court of Tazewell
county in an action of debt. Judgment for the plaintiff.
Defendant assigns error.

*Reversed.*

The opinion states the case.

*S. M. B. Coulling, S. W. Williams, S. W. Williams, Jr.,*
and *R. B. Davis,* for the plaintiff in error.

*Chapman & Gillespie* and *Jackson & Henson,* for the
defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This is an action of debt, brought by Mrs. F. G. S.
Watts, as assignee of her late husband, John G. Watts,
against Harman Newberry on a bond for thirty-five hun-
dred dollars, executed on January 1, 1896, by the latter
to John G. Watts, and payable one year after date.

The defendant filed pleas of payment and set-off. The
plaintiff demurred to the evidence, which was sustained
by the court and judgment rendered in favor of the plain-
tiff. To that judgment this writ of error was awarded.

The first error assigned is that the demurrer to the evidence was general and did not specifically state the ground upon which it was based, as required by the act of the General Assembly approved February 19, 1912 (Acts 1912, p. 75).

It is true that the demurrer was general, but it clearly appears from the record, and is admitted by both parties in their written arguments, that there was only one controverted question in the case, and that was whether or not the defendant had notice of the assignment of the bond sued on prior to the time he made the payments and acquired the set-offs relied on in his pleas.

While it is the better practice in all, and indispensably necessary in some, cases to state the grounds of the demurrer, as held in *McMenamin* v. *Southern Ry. Co.,* 115 Va. 822, 80 S. E. 596, it would be sticking in the letter and violating the spirit of the statute where there is only one controverted question in the case, and no other could arise on the demurrer to evidence, to hold that such failure would be ground for reversal. *Bonos* v. *Ferries Co.,* 113 Va. 497, 75 S. E. 126.

Errors are assigned to the action of the court in rejecting pleas and in excluding evidence offered by the defendant, but it will be unnecessary to consider these assignments of error if the evidence in the case does not show, as insisted by the defendant, that the obligor in the bond had notice of the assignment when he made the payments and acquired or became entitled to the set-offs set out in his pleas.

It is conceded by the plaintiff that the burden, under the pleadings in the cause, was upon her to prove such notice. She introduced in evidence the bond and the endorsements thereon, which are as follows:

"Twelve months after date I promise to pay to John G. Watts thirty five hundred dollars in settlement up to

date, homestead exemption waived as to this debt. Witness my hand and seal this 1st day of January 1896. This note bears 6 *per cent.* interest from date.

"H. NEWBERRY, (Seal)

"Note from H. Newberry for $3500. in settlement up to 1st Jany. 1896. For value received I assign this note to F. G. Watts, Jany. 2nd, 1896.

"J. G. WATTS.

"Credit by cash $500.00 being amount of check H. Newberry on Bank of Wyethville, dated Dec. 5, 1902, this Dec. 5, 1902.

"Credit by cash $1000.00 being amount of check H. Newberry on Bank of Bland county, payable to Mrs. F. G. S. Watts and dated Dec. 8 1903, this Dec. 9-03.

"Credit by cash $2000.00 certified check H. Newberry on Bank of Bland county, this Dec. 21, 1904."

She then introduced her son, J. H. A. Smith, as a witness, who testified that he was present when the settlement between the obligor and obligee in the bond was made when the latter was executed and the assignment endorsed thereon was made. He further testified that the defendant, Newberry, was also present at the time the assignment was made as well as on the day before when the settlement was made and the bond executed, and was informed by his mother that the bond had been assigned to her; that he made no objection to the assignment and promised to pay her. He further testified to the circumstances which led up to the settlement and to the execution and assignment of the bond, and the consideration for the assignment. The consideration for the assignment, as stated by him, was for farm stock purchased from his mother by her husband about the time they were married, for crops growing upon and rents for her lands in Russell county for which her husband was indebted to her at that time. He further testified

that the bond sued on had been placed in bank by his mother as collateral security. Whether this was done before or after her husband's death, or by her individually or as the administratrix of his estate does not clearly appear. He testified further that the credits endorsed on the bond sued on were placed there by the cashier of the bank in which it was held as collateral.

The defendant, Newberry, to sustain his contention that he did not have notice of the assignment when he made the payments and acquired the right to the set-offs claimed by him, introduced in evidence, without objection, a writing of which the following is a copy:

"I hold a note on H. Newberry for $3500.00, subject to a credit of $800 paid Nov. 1st, 1897, also $50.00 paid April, 1896, and I agree that he is not to pay note until I settle a note he has this endorsed to Sue G. Handcock for $3000 for me.

"Oct. 17th, 1898.

"JOHN G. WATTS."

He then introduced a deed dated March 28, 1895, between the plaintiff and her husband, conveying and releasing certain interests in each other's lands, by which it appears that a part of the consideration furnished by the plaintiff to her husband for the interests conveyed her was a debt of $1500 due to her from her husband for rents of her land in Russell county.

Neither the plaintiff nor the defendant testified. There was evidence tending to show that at the time of the trial the mental condition of the defendant was such that he was incapable of testifying.

The following facts were admitted:

"Mrs. F. G. S. Watts, the plaintiff in this case, as executrix of John G. Watts, deceased, on March 8, 1904, paid on the Sue G. Handcock debt of $3000, referred to in this case, the sum of $1,000, and on Decem-

ber 20, 1904, Mrs. Watts, as executrix, paid on said Handcock debt the further sum of $1,000, said payments having been made to J. S. and A. P. Gillespie, the assignees of Mrs. Handcock; and is further admitted that on June 11, 1912, the defendant, Newberry, paid to J. S. and A. P. Gillespie on said debt the sum of $505.81, and on March 19, 1912, the defendant paid to J. S. and A. P. Gillespie the balance due on said Handcock debt of $1933.94; Mr. J. W. Chapman, as the court's commissioner, having made on said Handcock debt a payment as now remembered, of about $306, being the *pro rata* then paid by said commissioner on the said debt against J. G. Watts estate.

"As a further fact in this case, it is agreed that the estate of J. G. Watts will not pay his general creditors a *pro rata* in excess of 20 *per cent.*"

The evidence of the plaintiff tends to prove that notice of the assignment to her had been given to the defendant before he made the payments and acquired the set-offs claimed by him. His evidence, on the other hand, tends to show that he did not know of the assignment at that time. The only question in controversy between the parties being as to such notice, the burden of proving which was upon the plaintiff, it is difficult to see upon what ground her demurrer to the evidence could have been sustained. Under the well settled and often repeated rule as to what the demurrant concedes on a demurrer to evidence, the court was bound to consider all of her evidence in conflict with that of the defendant as withdrawn, the credibility of the latter's witnesses admitted, and all the facts admitted which the defendant's evidence, thus considered, proved or conduced to prove, or which might be reasonably inferred from his whole evidence direct and circumstantial. Burks' Pl. & Pr., sec. 261, and the numerous cases cited in the notes.

It is insisted by the plaintiff that the writing of October 17, 1898, introduced by the defendant, is not evidence and proves nothing as against the plaintiff, since it is mere hearsay and the declaration of the assignor of the bond made after he had assigned it. Conceding that the writing, if objected to, should have been excluded, it does not follow that if the case had gone to the jury they ought not to have considered the statements contained in the writing.

The general rule is that the failure to object or otherwise raise the question of the admissibility of evidence on the trial is a waiver of all objection thereto. If secondary evidence is admitted without objection, instead of primary, or a witness incompetent because of the death of the other party to the contract or transaction is permitted to testify without objection, the jury must consider and give due weight to such evidence. The same rule would seem to apply to hearsay evidence. See *Damon* v. *Carroll,* 163 Mass. 404, 40 N. E. 185; Elliott on Ev., scs. 330, 881, and cases cited in notes.

Rules of law exclude much evidence which is of a character to satisfy a jury of some fact in issue, because it belongs to a class of evidence which experience has taught is more liable to mislead than to aid in the ascertainment of truth. But if a litigant sits by and permits evidence to go to the jury which the court, if it had been objected to, would have excluded, the jury have the right and it is their duty to consider it along with all the evidence and give it such weight as they think it is entitled to. They may or may not believe it, but so far as they do or do not their judgment is not controlled by rules of law. 3 Wigmore on Ev., secs. 38, 2034.

If the court admit improper evidence over objection, exception may be taken to the court's action, but if the question depends upon the weight of testimony, the jury

and not the court are exclusively and uncontrolably the judges. *Ross* v. *Gill,* 1 Wash. 87, and cases cited in note to Michie's ed. of that report.

If the case had not been withdrawn from the jury by the demurrer to the evidence, they might from all the facts and circumstances of the case have believed that when the writing of October 17, 1898, was executed the obligee in the bond was the then holder of it, and especially that the defendant, who had been making payments thereon to the obligee and who had endorsed his note to Miss Handcock, the sister of the plaintiff, upon the understanding that the balance of the bond should not be collected until the note to Miss Handcock had been paid, had no notice that the bond had ever been assigned to the plaintiff and that defendant would not have accepted a writing from the obligee in the bond stating that he was the holder of it, and have incurred a further liability of $3,000 as endorser, if he had known that the bond had been assigned and was no longer the property of the obligee.

If upon all the evidence which went to the jury they had found in favor of the defendant upon the pleas of payment and set-off, upon what ground could the court have set it aside? It was held in *Adams* v. *Hubbard,* 25 Gratt. (66 Va.) 129, a chancery suit, that an affidavit taken without notice and read without objection by the trial court, must be considered by this court upon appeal, though not entitled to as much weight as if it had been a deposition regularly taken. But how could the trial court, or how can this court, say what weight the jury should give to the writing of October 17, 1898, and the facts and circumstances which tend to sustain the truth of the statements therein contained, without trenching upon the province of the jury?

The court is of opinion that the demurrer to the evi-

dence should have been overruled and judgment rendered for the defendant, since the payments made and the set-offs to which the defendant was entitled are in excess of the amount of the bond sued on.

The judgment complained of must, therefore, be reversed and this court will enter such judgment as the circuit court ought to have entered.

*Reversed.*