# Richmond

## SAUNDERS V. SOUTHERN RAILWAY COMPANY.

### March 11, 1915.

#### Absent, Kelly, J.*

1. DEMURRER TO EVIDENCE—*Conflicting Evidence as to Negligence and Contributory Negligence.*—Where reasonably fair-minded men might well differ on the question of the negligence of the plaintiff, on a demurrer to the evidence by the defendant, the court must render judgment for the plaintiff.

2. DEMURRER TO EVIDENCE—*Statement of Grounds—Jurisdiction.*— The provisions of the statute requiring the grounds of a demurrer to the evidence to be stated in writing are mandatory, and the court is without jurisdiction to consider such demurrer unless the grounds are so stated, whether there be one or more grounds of demurrer, and although the grounds of the demurrer be known to and understood by the demurree. The statute is a wise one that should be upheld and enforced as it is written, and it is not permissible to modify it by engrafting exceptions upon it. *Bonos* v. *Ferries Co.,* 113 Va. 495 and *Newberry* v. *Watts,* 116 Va. 730, so far as in conflict herewith, are not approved.

Error to a judgment of the Circuit Court of Mecklenburg county in an action of trespass on the case. Judgment for the defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*John A. Lamb* and *Samuel A. Anderson,* for the plaintiff in error.

---

*Argued before Judge Kelly's term began.

*Munford, Hunton, Williams & Anderson* and *Thomas B. Gay,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This writ of error brings under review a judgment of the Circuit Court of Mecklenburg county, sustaining a demurrer of the defendant company to the plaintiff's evidence, the jury having rendered a verdict in favor of the plaintiff for $3,500, subject to the action of the court upon such demurrer.

Upon the merits of the case, we are of opinion, after a careful consideration of the evidence, that both the negligence of the defendant and the contributory negligence of the plaintiff were questions about which reasonably fair-minded men might differ. The jury might have found for the plaintiff upon both of these questions, and if they might have so found, then, under our established rules, the court must so find on the defendant's demurrer to the evidence. *Bass* v. *Norfolk Ry., &c., Co.,* 100 Va. 1, 40 S. E. 100; *Fisher's Admr.* v. *C. & O. Ry. Co.,* 104 Va. 635, 52 S. E. 373, 2 L. R. A. (N .S.) 954; *Wood's Admr.* v. *Southern Ry. Co.,* 104 Va. 650, 52 S. E. 371.

But in addition to the foregoing view, the case is plainly against the defendant company upon the ground earnestly insisted upon by the plaintiff in error, viz., that the defendant wholly failed to specifically state in writing the grounds of demurrer relied on as expressly required to do by the statute. Acts 1912, p. 75. The defendant company does not deny that its demurrer to the evidence in the present case was simply the general demurrer under the old practice, but seeks to justify and excuse its failure to comply with the plain mandate of the statute upon the ground that there were but two grounds of demurrer relied on which were well known to and understood by the plaintiff, who, therefore, suffered no prejudice or disadvantage whatso-

ever in consequence of its failure to state the grounds of its demurrer in writing.

This question was before this court in the recent case of *McMenamin* v. *Southern Ry. Co.*, 115 Va. 822, 80 S. E. 596. The statute here relied on was there construed, and it was held that, in accordance with its terms, the party tendering a demurrer to the evidence must state in writing specifically the grounds of demurrer relied on; the court saying that "The demurrant knows, or ought to know before demurring, in what respect the demurree has failed in his proof, and there is no more hardship in requiring him to specifically state it than there is in requiring a party demurring to a declaration to specifically state his grounds of demurrer. One is a demurrer to his adversary's pleading, and the other to his proof. In both cases the legislature, it is clear, intended that the grounds of demurrer must be stated with reasonable certainly and that no other grounds than those so stated should be considered."

The defendant company relies upon the cases of *Bonos* v. *Ferries Co.*, 113 Va. 495, 75 S. E. 126, and *Newberry* v. *Watts*, 116 Va. 730, 82 S. E. 703, in support of its contention that the spirit of the statute requiring the grounds of a demurrer to the evidence to be specifically stated in writing, was complied with, because there were but two grounds of demurrer which were known to the plaintiff, who was, therefore, not prejudiced by its failure to state such grounds in writing.

The two cases mentioned can be readily distinguished from the case at bar. In each there was but one ground of demurrer to the evidence relied on, which was apparent upon the face of the respective proceedings; whereas, in the present case, there were two grounds of demurrer relied on, and it is by no means clear that the plaintiff was not prejudiced by the failure to state such grounds in writing.

We do not, however, rest our conclusion in the present

case upon the distinction pointed out between it and the two cases mentioned. On the contrary we are of opinion, after a careful and mature consideration of the statute (Acts, 1912, p. 75), that the question arising under it is one involving the jurisdiction of the court, and that it is wholly immaterial whether there is one or more grounds of demurrer relied on, or whether the plaintiff has been prejudiced by the failure of the demurrant to state the grounds of demurrer in writing. The language of the statute is too plain to admit of doubt, or to call for interpretation. So far as necessary to be quoted it is as follows: "In all suits or motions hereafter, when the evidence is concluded before the court and jury, the party tendering the demurrer to evidence shall state in writing specifically the grounds of demurrer relied on, and the demurree shall not be forced to join in the said demurrer unless the specific grounds upon which the demurrant relies are stated in writing; nor shall any grounds of demurrer not thus specifically stated be considered."

The clear and explicit terms are that, in *all* suits or motions *hereafter,* the party tendering the demurrer to evidence *shall* state in writing specifically the grounds of demurrer relied on, and that no grounds of demurrer *shall be considered* unless they be thus specifically stated. These statutory provisions are mandatory and preclude the idea of jurisdiction to consider a demurrer to evidence, unless the grounds of such demurrer are specifically stated in writing. The statute is a wise one that should be upheld and enforced as it is written. Its salutary purpose would be defeated and the statute practically abrogated if it were permissible to modify it by engrafting exceptions upon it. So far as the cases of *Bonos* v. *Ferries Co., supra,* and *Newberry* v. *Watts, supra,* may be in conflict with the construction herein placed upon the statute in question, they are not approved.

The grounds of the demurrer to the evidence filed by the defendant company, not having been specifically stated in writing, as required by statute, we are of opinion that the court was without jurisdiction to consider the same. For these reasons the judgment complained of will be reversed, and this court will enter such judgment, as the trial court should have done, in favor of the plaintiff for the sum ascertained by the verdict of the jury.

*Reversed.*