# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢

## WILLIAM GEORGE BLACK V. W. T. DAUGHTRY.

### June 16, 1921.

1. DEMURRER TO THE EVIDENCE—*Sufficiency of Statement of Grounds for Demurrer—Action by Vendor for Purchase Money.*—In an action by vendor for purchase money, defendant demurred to the evidence and the grounds of the demurrer to the evidence stated in writing were that plaintiff had never been in a position to give such title to the property as he had obligated himself to give, and that the title to the property had never been in the plaintiff, and that he had never offered to defendant any deed from the true owner thereof.

    *Held:* That the grounds of demurrer stated failed to specify with reasonable certainty the particular grounds relied on, when the facts and circumstances of the case are considered.

2. DEMURRER TO THE EVIDENCE—*Statement of Grounds of Demurrer—Particularity Required.*—Where the ground or grounds of demurrer to evidence stated in the trial court are broad enough, when considered in the light of the facts and circumstances of the case, to embrace more than one ground and no particular ground, or grounds, is or are specifically stated as relied on, the statute (Code 1919, sec. 6117) on the subject is not complied with; and, whether any of the grounds embraced in such statement in the trial court be good or bad, and regardless also of whether the demurree has been prejudiced by the default of the demurrant in the premises, no assignments of error based upon such ground or grounds of demurrer can be considered by the appellate court.

Error to a judgment of the Circuit Court of the city of Norfolk in a proceeding by motion for a judgment for damages. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

This is an action by notice of motion, instituted by the defendant in error, a vendor of certain real estate (who will be hereinafter called plaintiff), against the plaintiff in error, the vendee of such real estate (hereinafter called defendant), to recover $1,327.95 damages caused the plaintiff by the defendant's failure to comply with the contract of sale by paying the unpaid balance of the contract price on the day fixed by the contract for such payment and on a subsequent substituted date fixed therefor by notice duly given to the defendant by the plaintiff.

Upon the failure of the defendant to pay the contract price on the aforesaid substituted date, the plaintiff, after due notice, sold the property at public auction at the defendant's risk and cost, obtained at such sale a less price than the contract price aforesaid, the net result of which was the admitted loss to the plaintiff of the said sum of $1,327.91.

There was a trial by jury, and, after evidence both for plaintiff and defendant had been introduced, the defendant demurred to the evidence and stated in writing the grounds of demurrer relied on. There was a verdict in favor of the plaintiff subject to the demurrer to evidence. Upon consideration thereof the trial court overruled the demurrer and entered judgment for the plaintiff. The defendant brings the case before us on writ of error granted by one of the judges of this court.

The statement in the court below of the grounds of demurrer relied on and the assignments of error before the appellate court, appear in the opinion.

There is no controversy about the material facts and circumstances of the case, shown by the evidence, which are as follows:

The plaintiff bought the property in question in May, 1919, from one W. F. Dusch, and paid the latter the whole of the

purchase money. On account of domestic trouble, to avoid having his wife sign deeds, as the plaintiff testifies, the latter had Dusch and wife convey the property to one Hugh C. Nicholas, a friend of the plaintiff, who had no interest in the property and who agreed to hold the title to it as a matter of accommodation to the plaintiff. On the day the offer of purchase was made, which resulted in the aforesaid contract of sale between the plaintiff and the defendant, the former, as he testifies, "explained all that" to the defendant, and following such explanation the defendant made a verbal offer of purchase, and the next day entered into the contract of sale and made the cash payment of $100.00, but was silent on the subject of the title.

The contract of sale was of date of December 30, 1919, and contained the provision, "The above transaction to be closed on or before February 25, 1920," but is silent on the subject of the title.

The vendor plaintiff after the contract of sale was entered into and before the date fixed for its completion, mentioned the matter of the condition of the title several times to the defendant, who still kept silent on that subject.

Prior to the date fixed for the completion of the contract of sale the plaintiff, on one occasion, offered the defendant $100.00, and on another occasion $500.00, to be released from the contract. Both times the vendee refused such release for less than $1,000. On the day fixed for the completion of the contract by the terms thereof, to-wit, on February 25, 1920, the defendant informed the plaintiff, for the first time, "that he could not take the property, and that he would forfeit the $100.00 he had put up."

The next day the plaintiff wrote the defendant the following letter, substituting the subsequent date of March 6, 1920, as the date for the completion of the contract, to-wit:

"Norfolk, Virginia, February 26, 1920.

"Dr. Wm. Geo. Black, 608 Cove St., City.

"Dear Sir:

"I write to call your attention to the fact that you failed to close for property on Court street, Nos. 251 and 253, Norfolk, Va., on February 25, 1920, according to your contract of purchase under date December 30, 1919. It is true you told me on yesterday, for the first time, that you could or would not settle for said property. You have put me in a bad position from a financial standpoint. I have certain obligations to meet; had others to meet on yesterday, which obligations I proposed taking care of upon settlement with you. You will recall I tried to buy this property back from you some time ago at a profit to you of $500.00, but this offer you declined.

"I wish to notify you that unless you conform to your contract of purchase and take this property and settle for same on or before March 6, 1920, I shall proceed to sell same for your account. If the property brings less than you agreed to pay for it, I shall hold you responsible for the difference between what it actually brings, that is, after paying costs of advertising, etc., and what you agreed to pay. If it sells for more, then I will remit you the difference."

The reply letter of the defendant shows his assent to the substituted date aforesaid for the completion of the contract, but announces that, as of the date of this letter, February 27, 1920, and in advance of said substituted date of March 6, 1920, he decided "not to settle for the property." This reply letter is as follows:

"Norfolk, Va., Feby. 27, '20.

"Mr. Wm. T. Daughtry, Norfolk, Va.

"Dear Sir:

"I am in receipt of yours of today and in reply beg to say I am very sorry I caused you financial embarassment. How-

ever, your condition financially, I venture to say, is modest compared to mine.

"I had been doing all in my power to finance the piece of property in question but honest endeavors failed and was therefore compelled to lose my deposit of $100.00. I am very sorry I could not settle up, but from reports I am only one of a great many who similar circumstances overtook. I also note you have informed me of the fact you are going to sell the property for my account and collect any loss which may occur by law from me, this no doubt, is logical but one thing I promise you which will be fulfilled, that is in case you obtain judgment for any amount, you will still have to collect same. I have never decided until the present moment not to settle for the property and was arranging to handle it in some way, but since you are mandatory I have decided to let the law and you take full recourse and I assure you your suit will be easy as I shall not be present to contend any point you may advance.

Yours truly,

"W. G. BLACK."

The deed from Dusch and wife to Nicholas was introduced in evidence by the defendant. The provisions of such deed, so far as material, are as follows:

"This deed made the 13th day of May, in the year nineteen hundred and nineteen, between W. F. Dusch and Mamie A. Dusch, his wife, of the city of Norfolk, in the State of Virginia, of the first part, and Hugh C. Nicholas of the second part:

"Witnesseth, that in consideration of the sum of ten ($10) dollars and other valuable consideration, the said W. F. Dusch and Mamie A. Dusch, his wife, *does* grant with general warranty unto the said ——————— the following property, to-wit. * * *"

*Tomlin & Maupin,* for the plaintiff in error.

*Jas. G. Martin,* for the defendant in error.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court:

The grounds of demurrer to the evidence stated in writing in the trial court are as follows:

"1. That said plaintiff has never been in a position to give such title to the said property unto the said defendant as he obligated himself to give.

"2. That the title to the said property has never been in said plaintiff, and he has never offered to defendant any deed from the true owner thereof."

The assignments of error before this court are as follows:

"First—The evidence shows that the plaintiff was never in a position to fulfill his contractual obligations, and was never able to give such title as he contracted to give.

"Second—No conveyance by any one other than the vendor could serve as a compliance with the vendor's contract.

"Third—The deed from Dusch and wife was a nullity and neither Daughtry nor Nicholas acquired any title to the property thereunder.

"Fourth—Even if Nicholas had acquired good title by said deed, any conveyance by him would be subject to the right of dower of Daughtry's wife."

[1]   The question which is urged before us in the brief and in oral argument for the plaintiff in the court below, and which we consider decisive of the case, is this:

1. Were the grounds of demurrer to the evidence stated in writing in the court below sufficiently specific to comply with the statute (section 6117 of the Code), so as to permit us to consider the assignments of error before us?

This question must be answered in the negative.

The first assignment of error before us is the same in substance, and practically the same in form, as the first of the two grounds of demurrer stated in the trial court. They are both, however, broad enough to embrace and comprehend any one of the first, second, third or fourth assignments of error. The second ground of demurrer stated in the trial court is very different from the second, third, and fourth assignments of error before us. The latter are specific; the former is not. The second ground of demurrer is, indeed, broad enough to embrace and comprehend any one of the first, second, third or fourth assignments of error.

Therefore, both of the grounds of demurrer stated in the court below fail to specify with reasonable certainty the particular grounds of demurrer relied on, when the facts and circumstances of the case are considered.

To be more specific:

The first ground of demurrer is doubly equivocal, in that it is not explicit as to what title it is claimed the plaintiff obligated himself to give to the defendant, or as to what position it is claimed the plaintiff should have been in, in order to give such title. It may mean at least any one of three things, namely:

(1). That plaintiff contracted to give good title by a deed from himself and wife, and was never in a position to give such title by such conveyance, because he never himself acquired the legal title; or

(2). That plaintiff contracted to give good title by a deed from Nicholas but was never in a position to give such title by such a conveyance, because the deed from Dusch and wife conveyed no title to Nicholas; or

(3). That plaintiff contracted to give good title by a deed from Nicholas, but was never in a position to give such title by such a conveyance, because such a conveyance would not have conveyed and would have left outstanding the contingent dower right of plaintiff's wife, even if the deed from Dusch and wife passed the legal title to Nicholas.

As to the second ground of demurrer: It contains two statements, viz: (a), "That the title to the said property has never been in the said plaintiff" (manifestly referring to the legal title), and that (b) "he has never offered to defendant any deed from the true owner thereof."

The statement (a) may be disregarded or considered as surplusage, as it presents no issue involved in the case. The plaintiff has at no time contended that the legal title to the property was ever in him.

The statement (b) is equivocal in this: Its meaning may be at least any one of the three following, namely: That the plaintiff has never offered the defendant any deed,

(1) From himself, the true equitable owner; or

(2) From Dusch and wife, the true legal owners, because their deed being blank as to the grantee, conveyed no title to Nicholas or to any one; or

(3) From Nicholas which would have conveyed a good title, even if the Dusch and wife deed passed the legal title to him, since the plaintiff's wife would have dower right in the property notwithstanding, and a conveyance from Nicholas alone would leave that contingent dower right outstanding.

The following is held in *McMenamin* v. *Southern Ry. Co.* 115 Va., 822, 80 S. E. 596, concerning the statute, now section 6117 of the Code, per the syllabus, which is fully sustained by the opinion of the court delivered by Judge Buchanan: "The object of the statute * * * in requiring the grounds of a demurrer to the evidence to be stated in writing was at least two-fold: First, to require the demurrant to give notice in writing of the grounds or causes of demurrer which he intended to rely on, and, second, to prevent him from assigning grounds of demurrer in the appellate court wholly different from those relied on in the trial court. The degree of particularity required must depend to some extent upon the character of the case. Where the language

used is broad enough to embrace and comprehend any one of several causes of demurrer, but fails to specify any one of those as the particular ground or cause relied on, with reasonable certainty, considering the facts and circumstances of the case, it is not a sufficient compliance with the statute."

As said in the opinion of the court in the case just cited, concerning the grounds of demurrer stated in the trial court: "Neither of them gave much, if any, more information to the demurree as to the real ground intended to be relied on than the general demurrer under the old practice would have done. They no more specify the cause of demurrer afterwards actually relied on than they do any other of the several causes embraced within them." This language is extremely pertinent and is equally applicable to the case before us.

As said in *Saunders* v. *Southern Ry. Co.,* 117 Va. 396, 84 S. E. 650, per the syllabus, which is fully sustained by the opinion of the court delivered by Judge Harrison: "The provisions of the statute requiring the grounds of a demurrer to the evidence to be stated in writing are mandatory and the court is without jurisdiction to consider such demurrer unless the grounds are so stated, whether there be one or more grounds of demurrer, and although the grounds of demurrer be known to and understood by the demurree. The statute is a wise one and should be upheld and enforced as it is written, and it is not permissible to modify it by engrafting exceptions upon it." In the opinion of the court this is added: "* * it is wholly immaterial * * * whether the plaintiff has been prejudiced by the failure of the defendant to state the grounds of demurrer in writing. The language of the statute is too plain to admit of doubt, or to call for interpretation."

[2] The holding of the cases mentioned may be summarized as follows: Where the ground or grounds of de-

murrer to evidence stated in the trial court are broad enough, when considered in the light of the facts. and circumstances of the case, to embrace more than one ground, and no particular ground, or grounds, is or are specifically stated as relied on, the statute on the subject is not complied with; and, whether any of the grounds so embraced in such statement in the trial court be good or bad, and regardless also of whether the demurree has been prejudiced by the default of the demurrant in the premises, no assignments of error based upon such ground or grounds of demurrer can be considered by the appellate court.

Such being the settled doctrine on the subject, which we unqualifiedly approve, we are without jurisdiction to pass upon the questions sought to be presented by the assignments of error, and the case will be affirmed.

*Affirmed.*