# Richmond

## William E. Wine and Marguerite K. Wine v. Martha J. G. Beach.

January 26, 1953.

Record No. 4018.

Present, Hudgins, C. J., Spratley, Buchanan, Smith and Whittle, JJ.

The opinion states the case.

*Coleman & Gibson, Harold G. Potts,* for plaintiffs in error.

*Thomas, Strauss & Waller,* for defendant in error.

BUCHANAN, J., delivered the opinion of the court.

Martha J. G. Beach, plaintiff, brought this action for damages against William E. Wine and wife, defendants, alleging that she gave the defendants permission to go on her land and cut underbrush and weeds along the line fence between their properties; but that the defendants had in fact cut down ninety trees, a number of which were along the river bank, thereby allowing the river to widen and driftwood and other debris to be deposited on the plaintiff's land when the river was high; and that the cutting of the trees had "caused much damage to the land value, as said trees cannot be replaced."

The defendants answered that the permission given had been to cut the underbrush and weeds on plaintiff's property along the bank of the Shenandoah river in order to improve the view from the houses of both plaintiff and defendants. They denied they had cut down any large number of trees, or that the trees that were cut were of any value, or that the clearing done along the river bank would in any way allow the river to widen or debris to be deposited on plaintiff's land when the river was high, or that they had caused any damage to plaintiff's land; but asserted that the cutting had afforded a much better view of the river and was beneficial to both plaintiff and defendants.

A pretrial conference was had, Rule 4:1, which resulted in an order, entered without objection, determining the issue to be whether the defendants had acted with permission or had committed a trespass; and holding that if the plaintiff was entitled to recover, the measure of her damages would be (1) the value as lumber or wood of the trees actually cut, and (2) the diminution in value of plaintiff's property, if any, resulting from the destruction of trees sustaining the banks of the river to prevent erosion.

At the conclusion of the plaintiff's evidence the defendants made a motion to strike, which was overruled; and at the end of all the evidence they again moved to strike on the ground that the plaintiff had failed to prove any value for trees cut, or any erosion or probability of erosion that would cause any diminution in the value of plaintiff's property. The court sustained the motion on the point that there was no evidence to show that the trees cut had any value, but overruled it on the question of

diminution in value and submitted the case to the jury on that issue.

The jury returned a verdict for the plaintiff for $500, on which judgment was entered, and the only question raised on this appeal is whether there was sufficient evidence of damages to support the verdict. Defendants admit that there was enough evidence to prove a trespass.

The evidence is in narrative form and that for the plaintiff which bears upon the present issue is as follows:

The plaintiff testified that the defendants' agents went upon the river bank on her property and cut down approximately 132 trees, ranging in size from two to twenty-four inches in diameter; that this cutting extended for a distance of about 400 feet along the river bank; that the river overflowed its banks along her property two or three times each year, that she paid $2,500 for the property in 1942 and lived there whenever possible; that she loved living on the property, was particularly fond of the trees and would not allow anyone to cut them under any circumstances, and that in her opinion she had been damaged to the extent of $1,000.

Two of plaintiff's tenants, husband and wife, testified they made an actual count of the trees that were cut and measured their diameter; that 139 trees were cut, approximately 96 of which were over two inches in diameter, 43 of which were over five inches in diameter and some were over ten inches in diameter. They also testified that the river overflowed its banks from one to three times each year and they and a fourth witness testified it had overflowed about twelve times in the past ten years.

The fifth and final witness for plaintiff testified that a strong current came around an island at a point where the property line of the plaintiff began; that he had lived across the river from the properties of plaintiff and defendants for a period of years; that he had cut some trees on the river bank of his own property and was sorry he had done so and would not do so again; that other properties on the same side as the plaintiff's had been cleared and no erosion had resulted.

For the defendants, William E. Wine testified that it was impossible for the cutting to cause any erosion; that the physical evidence showed that the place involved had been cut over 20 years ago and there had been no erosion to the river bank, but on the contrary a continued accretion. The only other witness for

defendants was a real estate agent who testified that he was familiar with the property values in the area; that he had inspected plaintiff's property just prior to the trial; that the plaintiff's land, exclusive of the buildings, was worth $4,500 and in his opinion the cutting had increased the value of plaintiff's property because it improved the view of the river.

The court, in accord with its ruling on the defendants' motion to strike, instructed the jury that the measure of plaintiff's damages, if she was entitled to recover, was the difference between the value of her premises before and immediately after any injury resulting from the destruction of trees sustaining the banks of the river, if any, to prevent erosion.

Plaintiff admits in her brief that in order to recover she must show a diminution in the value of her property due to erosion or the probability of erosion as a result of cutting the trees; and that the proper measure of damages is the difference between the value of the plaintiff's premises before and immediately after the trespass. She argues that the record discloses adequate proof on those issues and points to her own testimony that she had been damaged to the extent of $1,000. That is all the evidence there is that she was damaged. Plaintiff urges that it is sufficient to sustain the verdict because no objection was made to that statement and plaintiff was not cross-examined about it; that the jury had a right to infer that the plaintiff was speaking of the difference in market values of the property before and after the cutting.

The failure to object resolved any question as to the admissibility of the evidence. *Newberry* v. *Watts,* 116 Va. 730, 736, 82 S. E. 703, 705; *Vaughan* v. *Mayo Milling Co.,* 127 Va. 148, 159, 102 S. E. 597, 600-01. Whether admissible if it had been objected to is a question upon which there has been much conflict of decision, even in the same jurisdiction. 20 Am. Jur., Evidence, §§ 903, 904, pp. 759, 760; Annotation, 86 A.L.R. at p. 1449. In at least two cases this court seems to have applied the so-called liberal rule. *Kerr* v. *Clinchfield Coal Corp.,* 169 Va. 149, 155, 192 S. E. 741, 743; *Southern Ry. Co.* v. *White,* 128 Va. 551, 104 S. E. 865. See also *Doman* v. *Baltimore & O. R. Co.,* 125 W. Va. 8, 22 S. E. 2d 703. But to say that it is admissible is only to say that it may properly be considered and given its natural and logical probative effect. 20 Am. Jur., Evidence, § 1185, p. 1036. Its admissibility and its weight are different matters.

■ Here, as admitted in her brief, the plaintiff is bound by the rulings of the court, unobjected to, which limited her right to recover to diminution in the value of her property due to erosion or the probability of erosion as a result of cutting the trees.

The burden was, of course, on the plaintiff to prove her right to recover on that ground. Damages cannot be proved merely by speculation or conjecture. 5 Mich. Jur., Damages, §§ 13, 90, pp. 500, 583. No one, not even the plaintiff, testified that her land had been or would be damaged by erosion due to the cutting of the trees. She stated that in her opinion she had been damaged to the extent of $1,000, but she did not say that was for erosion past, present or future. She testified that she loved living on her property, was particularly fond of the trees and would not permit anybody to cut them under any circumstances. If the basis for her opinion as to damages is to be established by inference, the inference suggests sentiment as a basis more strongly than it does erosion.

In *Jeffress* v. *Virginia Ry. & P. Co.*, 127 Va. 694, 104 S. E. 393, relied on by plaintiff, damages were claimed for the destruction of a dwelling house, shade trees, shrubbery and personal property, as well as for injury to other property. There the plaintiff undertook to fix the amount of the damages by showing original cost and probable replacement cost, a method which was practically unchallenged at the trial. No market value was shown. It was held that the plaintiff was entitled to an instruction that if the jury found for the plaintiff they should allow damages in an amount equal to the value of the property destroyed and to the damage done to that which was injured. We said that probably no market value could have been shown, but if technically market value was to be taken as the correct basis, failure of the defendant to object to the method of proof, or to offer countervailing evidence, entitled plaintiff to ask for a verdict upon the proof of value introduced. Again, in *Barnes* v. *Morrison*, 97 Va. 372, 34 S. E. 93, a witness testified as to what a commodity was worth on the day of sale. We said the presumption was that he was speaking of market value, since there was no objection.

Those cases, however, do not fill the gap in this plaintiff's case. The evidence in those cases was sufficient to prove value, which was taken to mean market value in the absence of objection on that point. But here the plaintiff had to prove more than a

decrease in market value. Under the court's order and instruction she was required to show that such decrease was due to erosion or the probability of erosion, and this her evidence wholly failed to do. Here there was the mere statement of plaintiff that in her opinion she had been damaged $1,000, with nothing to indicate the basis of such an opinion. She made no effort to relate that damage to erosion or the probability of erosion. There was no other evidence by which it might be so related. Nobody testified that there had been or was likely to be any erosion—not even plaintiff's witness who lived on the opposite side of the river and who in fact testified that he had seen other properties cleared on the plaintiff's side and no erosion had resulted.

Plaintiff says it is common knowledge that when a river overflows its banks erosion takes place and that growing trees impede the forces of erosion by tending to hold the soil in place. We cannot take judicial knowledge that such is a universal fact. There is uncontradicted evidence that it is not a fact in this case. Defendant Wine, a graduate engineer, testified as stated above that it was impossible for the cutting done here to cause erosion because of the physical situation at the place involved, and that there had been no erosion but in fact a continued accretion.

We are unable to find evidence adequate to support the verdict on the essential element of plaintiff's case. The judgment below is accordingly reversed and final judgment for the defendants entered here.

*Reversed and final judgment.*