## Atlantic Coast Line Railroad Company v. Warrington.

### March 17, 1921.

1. STIPULATIONS—*Filing Grounds for Demurrer to the Evidence— Case at Bar.*—In the instant case counsel for plaintiff in error testified that there was an express agreement in open court that the grounds of demurrer to the evidence should be filed later. Counsel for defendant in error denied this, and the trial court did not certify that any greement was made before him in relation to giving time within which to state the grounds of demurrer in writing, or in anywise waiving the requirement of the statute (Acts 1912, ch. 42, p. 75), though he had the impression that no advantage would be taken of the failure to file the grounds of demurrer at the prescribed time.

   *Held:* That the evidence did not establish an agreement that the grounds of demurrer required to be filed in writing might be filed after the jury retired from the bar.

2. STIPULATIONS—*Filing Grounds of Demurrer—Agreement as to Time of Argument of Demurrer.*—An agreement between counsel that "the argument upon the demurrr to the evidence should be in writing and filed later" does not necessarily imply that the grounds of the demurrer could also be filed later.

3. DEMURRER TO THE EVIDENCE—*Statute Mandatory.*—When a defendant demurs to the evidence, the statute (Acts 1912, ch. 42, p. 75) prescribes what shall be done. The statute is mandatory in this respect, and positive in its statement of the penalty attached to a failure to conform to its mandate.

4. DEMURRER TO THE EVIDENCE—*Statute Mandatory—Waiver of Rights.*—But while the statute (Acts 1912, ch. 42, p. 75) is mandatory upon one party, when the other stands upon his legal rights, the parties, by agreement *inter se*, can waive its requirements as to the precise time for filing of the grounds of demurrer in writing; but as such agreement is in derogation of the statute, it should be clearly made and clearly established.

5. DEMURRER TO THE EVIDENCE—*Filing Grounds of Demurrer in Writing—Waiver—Case at Bar.*—In the instant case counsel for the defendant company may have thought that they would

be allowed to file their grounds of demurrer to the evidence later, but they had no right so to conclude from the plaintiff's silence. If the plaintiff did not ask for the grounds of demurrer, neither did the defendant ask the plaintiff if he waived the requirements of the statute in this regard.

6. Demurrer to the Evidence—*Grounds in Writing—Demand by Plaintiff.*—When counsel for defendant announce that they demur to the evidence, it is not necessary for counsel for the plaintiff to demand the grounds of the demurrer in writing.

7. Demurrer to the Evidence—*Statute—Time for Compliance with Statute.*—In order to secure the benefit of the statute (Acts 1912, ch. 42, p. 75), a demurrant must comply with its terms, and if time is needed for such compliance, must secure that time from the court, by a postponement, or by agreement with opposing counsel.

8. Demurrer to the Evidence—*Grounds of Demurrer—Writing—Time of Filing.*—The statute (Acts 1912, ch. 42, p. 75) plainly requires that the grounds of demurrer must be in writing, and submitted at the conclusion of the evidence and before the jury retires from the bar.

Error to a judgment of the Circuit Court of Nansemond county, in an action of assumpsit. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Mann & Townsend,* for the plaintiff in error.

*Smith & Smith* and *Saunders & Hutton,* for the defendant in error.

Saunders, J., delivered the opinion of the court.

This case is brought before us by a writ of error to a judgment of the Circuit Court of Nansemond county on the petition of the Atlantic Coast Line Railroad Company, plaintiff in error.

S. F. Warrington, defendant in error (plaintiff below), brought an action of assumpsit against the above company,

claiming damages in the sum of $1,200 on account of loss suffered on certain shipments of Irish potatoes due to the alleged unreasonable delay in the transportation of the same by the said company. The jury trying the issue returned a verdict in favor of the plaintiff for $931.50, which the court refused to set aside. A petition assigning various errors alleged to have occurred in the progress of the trial was thereupon presented to one of the judges of this court, and a writ of error and supersedeas secured.

The petition presents the case of the plaintiff in error first on the merits, and second on a question of procedure. Reversing the order in which the alleged errors are discussed in the petition, we will first consider and dispose of the question of procedure.

The following statement of facts by the court appears in the record:

"The evidence in this case was given the court and the jury on March 28, 1919. After the evidence was all in, the defendant announced that it demurred to the evidence of the plaintiff.

"The plaintiff did not ask for the grounds of the demurrer and did not state whether he joined in the demurrer or not, but the case proceeded as if there had been a joinder in the demurrer, and the jury were told by the court to find a verdict for the plaintiff for such sum as would compensate him for the loss he had sustained, if any, and thereupon the question of damages was argued to the jury by counsel for demurrant and demurree, as upon a demurrer to the evidence. After their retirement the jury returned into court and rendered an unconditional verdict for the sum of $931.50, which the court now certifies should have been a conditional verdict, and subject to the opinion of the court on the demurrer to the evidence. Thereupon the defendant moved the court to set aside the verdict of the jury upon the ground that it was excessive, which motion

was continued, and it was further understood between counsel on both sides that the demurrer should be argued in writing at some later date after the evidence was transcribed, and that the demurrant should file the opening brief, the demurree should file a reply, and the demurrant should file the closing brief. The demurrant filed, in the clerk's office of this court on April 17, 1919, a demurrer to the evidence, in writing, with the grounds thereof incorporated therein, and its opening brief in support thereof, and furnished a copy thereof to demurree's counsel. Counsel for demurree filed their reply brief in said clerk's office on the ...... day of ............, 1919, in which they made the point that the demurrer in writing and grounds thereof had not been filed at the trial, as required by law, and that therefore the court could not consider the case upon its merits, but should enter judgment for the demurree upon the verdict of the jury. The demurrant filed its reply brief on the ..... day of ............, 1919.

"It is, therefore, considered by the court that the grounds of the demurrer in writing not having been filed by the demurrant as provided by law, the court, without considering the case upon the merits, is of opinion that the law is with the demurree; it is, therefore, considered by the court that the plaintiff recover of the defendant the sum of $931.50, with interest from March 28, 1919."

When counsel for the railroad company handed Mr. J. R. Saunders, counsel for the plaintiff, the demurrer in writing and copy of his brief, he was at once advised that "objection would be made to the filing of any demurrer, on the ground that counsel for the defendant company, on the day of trial, simply made an oral statement that they demurred to the evidence and did not state any reasons in writing." Further, that "as the law required the demurrant to put his reasons for the demurrer in writing, and he had failed to do so before the court closed, objection would be made to his filing a demurrer at all."

The above appears from a letter of Judge Rawles, of counsel for the defendant company (plaintiff in error) to his associates, Messrs. Mann & Townsend. Quite an interchange of letters followed between these gentlemen, and also between them and counsel for the plaintiff. The latter insist that these letters are not properly a part of the record, and were read over their objection. A letter from Judge McLemore to counsel for the railway company also appears in the record. From the letters that were exchanged between counsel for the plaintiff in error, it appears that they were of the opinion that as there was an express agreement in open court that the argument upon the demurrer to the evidence should be in writing and should be filed after the evidence had been transcribed, it was a necessary implication from said agreement that the ground of demurrer could be filed at that time. A letter was also written by Messrs. Mann & Townsend, counsel for the plaintiff in error, to Judge McLemore, in which the statement was made that there had been "an agreement in open court that the defendant company should file the grounds of demurrer later, and that the demurrer would be argued in writing." A copy of this letter was sent by defendant's counsel to counsel for the plaintiff. On receipt of this copy, Messrs. Smith & Smith wrote at once to Mann & Townsend as follows:

"Gentlemen,—We beg to acknowledge copy of letter sent by you to Judge McLemore, * * * and in reply thereto we desire to say that there was no agreement on our part that you should file the grounds of demurrer later, and when Judge Rawles recently handed to Mr. Saunders, of Suffolk, a statement of the grounds of demurrer, he was promptly notified that we would object to the same being filed. The only thing that came up was that the court would hear argument on the demurrer to the evidence later, and we have been waiting to hear from you to that end, and

it was only recently that we had any information from you on the subject. A brief of considerable length and grounds of demurrer were then presented for the first time to Mr. Saunders, and we wish it distinctly understood that we shall object strenuously to the filing of the grounds of demurrer at this time, when, under the law, they can only be filed in writing and the grounds assigned before the jury retires from the bar. The waiver of this right is heard for the first time, and after Judge Rawles had been notified that we would object to the filing of a demurrer to the evidence at this late day."

Messrs. Saunders & Hutton also received a copy of the letter to Judge McLemore, and made the following reply on their part:

"Gentlemen,—Yours of June 7, inclosing copy of a letter to Judge Jas. L. McLemore, received. This letter mentions an agreement that grounds of demurrer in the case of *S. F. Warrington* v. *Atlantic Coast Line Railroad Company* should be filed later. Permit me to say that there was never any agreement that the grounds of demurrer should be so filed, that neither Mr. Mann, Mr. Townsend, nor Judge Rawles requested me to make such an agreement, and I am informed that they did not so request my associate, Mr. J. Sidney Smith.

"The grounds of demurrer were not presented to me until after that term of the circuit court was closed. At the time the paper was handed to me by Judge Rawles, I distinctly told him that we would object to the filing of the demurrer, because I was under the impression that it should have been filed before the argument to the jury, and that we would not waive, nor had we agreed to waive, the filing of any demurrer on any ground therein stated. We shall claim advantage of the statute and the decisions in this State on that point."

Messrs. Mann & Townsend replied as follows to the above letter of Saunders & Hutton:

"We are in receipt of your letter of the 12th instant, and note its contents.

"There certainly can be no question about the fact that there was an express agreement in open court that the argument upon the demurrer to the evidence should be in writing and should be filed later when the evidence had been transcribed. It would have been impossible to file the demurrer in writing at the time of the argument before the jury, because the evidence was a part of the demurrer and it could not have been inserted in the demurrer until it had been transcribed by the stenographer. It was a necessary implication from the aforesaid agreement that the grounds of demurrer would be filed later. We think this is equally clear. Moreover, the plaintiff joined in the demurrer voluntarily and without calling for the grounds of the demurrer, which were simple, and would have prepared and tendered at once at the bar of the court if called for. Within a few days after the evidence was transcribed by the stenographer, the demurrer, grounds of demurrer and written memorandum of argument upon the grounds of demurrer were filed, and a copy was furnished the plaintiff's counsel.

"We have demurred to the evidence a great number of times, and in hardly an instance that we can recall has the demurrer and the grounds thereof been filed at the time the damages were argued to the jury.

"In view of the express agreement above mentioned that the demurrer should be argued at a later date, and of the implied agreement that this embraced the filing of the grounds of demurrer, because the written argument was to be based upon the grounds of demurrer, and in view of the fact that the demurrer was joined in voluntarily by plaintiff's counsel without any suggestion that they desired the grounds of demurrer in advance of the written argument thereon, we think it very remarkable that you should

state in your letter: 'We shall claim advantage of the statute and the decisions of this State on that point.'

"As the court will doubtless recall what transpired in the court room, we have no idea that it will allow the plaintiff to reap any benefit from such a technical objection.

"We are sending copies of this letter to Judge McLemore, Judge Rawles and Messrs. Smith & Smith."

These citations sufficiently show the relative attitudes of counsel with respect to the alleged agreements in court at the time the defendant demurred to the evidence. The letter of Judge McLemore referred to, *supra,* is to the following effect:

"Messrs. Mann & Townsend, Attorneys,
        "Petersburg, Va.
"Gentlemen:

"In the matter of *Warrington* v. *A. C. L. Ry. Co.,* I have decided to overrule the demurrer. Plaintiff's counsel are positive in their statement that they did not waive the right to have the grounds of demurrer filed as required by the statute—with the record silent, I am unable to say they waived the filing, although I had the impression the entire matter would wait for the transcript of the evidence and that no advantage would be taken of the failure to file the grounds of demurrer that day. It seems to me, in the face of the record, the statute and last construction of it by our court precludes a consideration on the merits.

"I need hardly say I always regret having a case disposed of under such circumstances."

On April 17, 1919, before the term expired, defendant filed its demurrer to the evidence with the grounds thereof, also its opening brief. The plaintiff filed his reply brief, arguing the case on the merits, but "denying the right of the court to consider the merits, on the ground that the demurrer had not been filed in time." After consideration

of the briefs, the court refused to consider the case on its merits and entered judgment for the plaintiff for the amount of the verdict of the jury, on the ground "that the grounds of the demurrer were not filed in writing at the trial, and that therefore the case could not be heard upon the demurrer to the evidence." To this action of the court the defendant excepted.

From the foregoing citations, it appears that what took place when the evidence was concluded was that counsel for the defendant orally announced that they demurred to the evidence, not stating in writing the grounds of demurrer relied upon. The plaintiff did not ask for the grounds of demurrer or state whether he joined in the demurrer or not, but the case proceeded as if there had been a joinder in the demurrer, and the jury were told by the court to find a verdict for the plaintiff for such sum as would compensate him for the loss he had sustained, if any. Thereupon, the question of damages was argued to the jury by counsel for demurrant and demurree, as upon a demurrer to the evidence. (See statement of facts by the court, *supra*.) Later it was agreed between counsel for the parties that the demurrer should be argued in writing at a later date after the evidence was transcribed. The letter of Messrs. Mann & Townsend to Judge McLemore states that there was an express agreement in open court that counsel for the defendant should file the grounds of demurrer later. As soon as this claim of an agreement in the respect alleged was brought to the attention of Messrs. Smith & Smith and Saunders & Hutton, they explicitly and positively denied that it was ever made. Further, when Judge Rawles handed Mr. Saunders the demurrer in writing and copy of brief, he was told by the latter that "he would object to the filing of any demurrer, stating that counsel for the company simply made an oral statement in court on the day of trial that they demurred to the evidence, and did not state any reasons in writing."

[1-7]    The court does not certify that any agreement was made before him in relation to giving time within which to state the grounds of demurrer in writing, or in any wise waiving the requirement of the statute, though he had the impression that no advantage would be taken of the failure to file the "grounds of demurrer" at the prescribed time.

We, therefore, are of opinion that the evidence does not establish "an express agreement in open court that the grounds of demurrer should be filed later."

But counsel for plaintiff in error insist that it was a necessary implication from the express agreement that "the argument upon the demurrer to the evidence should be in writing and filed later," that the grounds of demurrer could also be filed later; in other words, that by necessary implication this secondary agreement was included in the agreement, *supra*. But would this follow? Evidently the trial court, which heard all that took place, did not consider that a waiver, either by express agreement or necessary implication, had been established. The positive statement of the judge is that he is "unable to say that the plaintiff waived the filing of the grounds of demurrer, and that in the face of the record, the statute and the last construction of it by our court precludes a consideration on the merits." The court could hardly have made that statement if it had been of opinion that counsel by explicit compact or necessary implication had agreed that the grounds of demurrer could be filed later. When a defendant demurs to the evidence, the statute prescribes what shall be done. The statute is mandatory in this respect, and positive in its statement of the penalty attached to a failure to conform to its mandate. But while we consider that the statute is mandatory upon one party, when the other stands upon his legal rights, we do not mean to say that the parties, by agreement *inter se*, cannot waive its requirements as to the precise time for

filing the grounds of demurrer in writing.  Such an agreement can be made, but as it is in derogation of the statute, it should be clearly made and clearly established.  In the case in judgment, the plaintiff waited on the defendant to take the steps required by the statute.  In order for the defendant to secure the benefits of the statute it was necessary for it to comply with its requirements.  This was a case of parties dealing at arm's length.  We would draw the conclusion from the silence of counsel for the plaintiff in this case that they had waived their right to have the grounds of demurrer filed as required by the statute, if it appeared that on other and prior trials between them and counsel for the defendant company, upon an oral statement by the latter that they demurred to the evidence, the grounds of demurrer were permitted to be filed on a later day.  If such had been the practice hitherto prevailing between counsel, then the silence of counsel for the plaintiff in the instant case under the circumstances, *supra*, would have been misleading, and justified the contention of the defendant that an agreement had been made by implication. But there is nothing of this sort before us.  Counsel for the plaintiff simply allowed the defendant to make out its own case, without aid or suggestion.  Counsel for the defendant company may have thought, and doubtless did think, that they would be allowed to file their grounds of demurrer later, but they had no right so to conclude from the plaintiff's silence, to the latter's prejudice, or in derogation of his legal rights.  If the plaintiff did not ask for the grounds of demurrer, neither did the defendant ask the plaintiff if he waived the requirements of the statute in this regard. Doubtless, it was in the mind of counsel demurring to the evidence that they would be allowed to file the grounds of demurrer at a later time, but counsel for the plaintiff apparently did nothing to justify this state of mind.  When counsel for defendant announced that they demurred to the

evidence, it was not necessary for counsel for the plaintiff to demand the grounds of the demurrer in writing. On the contrary, it was necessary for the defendant to follow the statute, which explicitly prescribes that the "party tendering the demurrer to the evidence shall state in writing specifically the grounds of demurrer relied on, and the demurree shall not be forced to join in said demurrer until the specific grounds upon which the demurrant relies are stated in writing; nor shall any grounds of demurrer not so specifically stated be considered." Hence, in order to secure the benefit of the statute, a demurrant must comply with its terms, and if time is needed for such compliance, must secure that time from the court, by a postponement, or by agreement with opposing counsel. The record does not show in the instant case compliance with the statutory requirements at the time the motion was made, or that time was secured for later compliance, either from the court or by agreement with adversary counsel.

Petitioner contends that the agreement to argue the demurrer carries by implication the agreement to allow the grounds to be filed later, since otherwise there would be but little to argue. But the agreement speaks for itself. It was an agreement to argue in writing the demurrer as submitted by the defendant. The extent of that argument would depend upon the ruling of the court. Should the court deny the subsequent effort of the defendant to file the grounds of demurrer, there would be but little room for argument. But should the court hold that under the statute the grounds not filed at the time the defendant demurred could be filed at a later day of the court, the argument would be directed to the case on the merits. Hence, the agreement was in substance an agreement to argue by briefs whatever under the ruling of the court could be argued on the defendant's demurrer, and the fact that in the result the court upon the state of the record excluded the grounds of de-

murrer tendered by the defendant is not a determining factor in the construction of the agreement that the "argument upon the demurrer to the evidence should be in writing, and filed later when the evidence had been transcribed."

The statute on the subject of demurrers to evidence, and from which citation has been made, is the statute of February 19, 1912 (Acts 1912, p. 75), and is as follows:

"In all suits or motions hereafter, when the evidence is concluded before the court and jury, the party tendering the demurrer to the evidence shall state in writing specifically the grounds of demurrer relied on, and the demurree shall not be forced to join in the said demurrer until the specific grounds upon which the demurrant relies are stated in writing; nor shall any grounds of demurrer not thus specifically stated be considered, except that the court may, in its discretion, allow the demurrant to withdraw the demurrer; may allow the joinder in demurrer to be withdrawn by the demurree, and new evidence admitted or a non-suit to be taken until the jury retire from the bar."

This act has been construed by this court in the cases of *McMenamin* v. *Southern Ry. Co.*, 115 Va. 822, 80 S. E. 596; *Saunders* v. *Southern Ry. Co.*, 117 Va. 396, 84 S. E. 650, and *Virginia I. C. & C. Co.* v. *Asbury's Adm'r*, 117 Va. 683, 86 S. E. 148.

In the *Saunders Case*, 117 Va. p. 399, 84 S. E. 651, the court said: "These statutory provisions are mandatory and preclude the idea of jurisdiction to consider a demurrer to evidence, unless the grounds of such demurrer are specifically stated in writing. The statute is a wise one that should be upheld and enforced as it is written. Its salutary purpose would be defeated and the statute practically abrogated if it were permissible to modify it by engrafting exceptions upon it." And, on page 400 of the same case (84 S. E. 651), we find the following: "The grounds of the demurrer to the evidence filed by the defendant company,

not having been specifically stated in writing, as required by statute, we are of opinion that the court was without jurisdiction to consider the same."

[8] As stated, *supra,* the statute plainly requires that the grounds of demurrer must be in writing and submitted at the conclusion of the evidence and before the jury retires from the bar. The grounds of demurrer were not submitted in writing in the case in judgment, and there was no agreement between counsel waiving this requirement or any postponement by the court of the case to afford opportunity to prepare and submit such grounds. Plaintiff in error cites the case of *Du Pont* v. *Smith,* 249 Fed. 403, 161, C. C. A. 377, but that case is not in conflict with the conclusions that we have reached in the instant case. In the *Du Pont Case* the court did not consider that the action which it took was precluded by the statute. This appears from the following citation from the opinion: "We have the strong conviction that the supreme penalty of dismissal of a cause without a hearing on the merits should not be imposed upon a litigant for the inadvertence of counsel, except in flagrant cases of neglect or where the court is compelled by statute or clearly established practice to do so." The time fixed in this case for the filing of the bill of exceptions was by an order of court, and the court held that "the evidence of consent to the allowance of the bill of exceptions, and waiver of the time, was very strong." Judge Pritchard elaborately dissented.

In the case before us, but for the restraining and mandatory provisions of the statute prescribing how a demurrant shall proceed, we would be disposed to desregard technicalities and decide this case on its merits. But when a statute plainly prescribes what must be done to enjoy its benefits and the penalties for non-conformity, the courts are constrained to enforce the law as it is written. The trial court was more intimately in touch with what passed in its pres-

ence and within its hearing than this court can possibly be from the cold and formal record. That court could not certify that an express agreement had been made to waive the requirements of the statute, nor could it derive an agreement by implication to that effect from the agreement actually made. After setting out the facts, the trial court announced the following conclusion: "It is, therefore, considered by the court that the grounds of demurrer in writing not having been filed by the demurrant as required by law, the court, without considering the case on the merits, is of opinion that the law is with the demurree; it is, therefore, considered by the court that the plaintiff recover of the defendant the sum of $921.50, with interest thereon from March 28, 1912."

In that finding this court concurs, and the judgment of the trial court is, therefore, affirmed.

*Affirmed.*