## Richmond.

### SMITH AND ALS. V. PHILLIPS.

#### May 10th, 1883.

SPECIFIC PERFORMANCE—*Nudum pactum—Mortgage—Case at bar.*—In 1849
P. conveyed his real and personal estate *in trust* to secure to S. a debt;
and in 1865 P., then insolvent, conveyed to S. by deed, *absolute on its
face*, said estate, in consideration of said debt and of another debt of
$5,668, and thenceforward leased the property. S. died intestate in 1878.
Then his representatives recovered the real estate by unlawful detainer.
P. got an injunction on averment that in 1875 intestate contracted that
he would reconvey if P. paid in twelve years $1,200; that thereof P.
paid S. $600, and retained possession in accordance with the contract;
and that he was ready to pay the balance, and prayed for specific per-
formance. Defendants demurred and answered.

HELD.

1. Agreement to accept a part of a debt for the whole is *nudum pac-
tum* and not enforceable in equity.
2. Promise to pay subsisting debt, or even its *actual payment*, is not a
consideration upon which a court of equity can decree specific
performance of an agreement for the conveyance of real estate.
3. The circumstances in this case do not show the deed of 1865, which
on its face is an absolute conveyance, to be a mortgage.

Appeal of George E. Smith, in his own right and as admin-
istrator of Benjamin E. Smith, deceased, Sally B. Smith, Nannie
E. Smith, Lucius L. Barrow and Mary L. his wife (born Smith),
.B. E. Smith, Jr., Mary Smith, Charles M. Hardy and Susan L. his
wife (born Smith), Annie C. Smith, Bessie C. Smith, Wm. E.
Smith, Stacey Smith, Georgie Smith, and Thomas C. Smith, the
six last being infants, and suing by their next friend, George E.
Smith from a decree of the circuit court of Lunenburg county

rendered 12th November, 1880, in the cause of John B. Phillips against them, seeking to enjoin a judgment in unlawful detainer against him for recovery of certain real estate, and specific performance of an agreement of their ancestor, B. E. Smith, deceased, intestate, for the conveyance of said real estate in consideration of the payment of part of a debt which Phillips owed intestate. The facts are stated in the opinion.

*H. L. Lee*, for the appellants.

*Neblett & Neblett*, for the appellee.

HINTON, J., delivered the opinion of the court.

In September, 1849, the appellee, John B. Phillips, executed a deed of trust, in which he conveyed all of his real estate in the county of Lunenburg and certain slaves in said trust deed mentioned, to secure the payment of a debt of $1,590 to Benjamin E. Smith, since deceased. In November, 1865, the appellee, who was then insolvent, conveyed by an absolute deed of bargain and sale all of his real estate, and the greater portion of his personal estate, to said Smith, in consideration of the sum of $1,235, balance of the debt secured by the deed of trust, and for the further consideration of $5,668, and thereafter leased this property. In July, 1878, Smith died intestate. And in an action of unlawful detainer, the appellants, who are his distributees and heirs-at-law, obtained a judgment in the county court of Lunenburg for the property conveyed by the deed of 1865.

Whereupon Phillips filed his bill in the circuit court of the county of Lunenburg, to enjoin further proceedings on the judgment, and prayed for the specific execution of the promise which he alleged in his bill had been made to him on the 15th of September, 1875, by the said B. E. Smith, to the effect that if he (Phillips) would pay $1,200 within twelve years, he (Smith)

would reconvey to him all the property conveyed by the deed of 1865. To this bill all of the appellants demurred. And to it, the appellant, G. E. Smith, individually and as administrator of the said B. E. Smith, deceased, filed his answer, in which he denies such of the allegations of the bill as were within his knowledge, and states circumstances tending to discredit others. The parol testimony in these causes is meagre and unsatisfactory, has no influence in our determination of this case, and need not, therefore, be stated.

On the 12th day of November, 1880, the said circuit court, after deciding that the defendants' intestate, B. E. Smith, did on the 15th day of September, 1875, "covenant and agree to reconvey to the plaintiff, J. B. Phillips, all the property conveyed to Smith by the deed of November 17th, 1865, upon condition that the said Phillips should pay him the sum of $1,200 within twelve years thereafter," and that he did, in pursuance of said agreement, permit Phillips to remain in possession of the said property; and that Phillips had paid $600 under this agreement, and was ready to pay the remaining sum of $600, decreed that the said Phillips, upon the payment by him of the said sum of $600, is entitled to a reconveyance of the tract of land in the proceedings mentioned, and appointed a special commissioner to convey the same to Phillips, or to whomsoever he should direct.

From this decree this appeal was allowed.

We are all of opinion this decree was erroneous, and that the bill is without equity. The agreement to take a small part for the whole of this large debt, if any such agreement was ever made, as to which the proof is far from conclusive, without any valuable consideration to support it, is a *nudum pactum*, which will not be enforced in equity. In *Keffer and Wife* v. *Grayson*, 1 Hansbrough (76 Va.) page 517, this court said, " a debt barred by limitation * * * * * * * may be revived by a new promise, and the new promise may constitute a valid consideration; but a promise to pay a debt for which the promisor is already legally bound, is a mere *nudum*

*pactum,* and adds nothing to the force of the previous obligation. No man can make his own wrong in withholding what he justly owes the foundation of a demand against his creditor. It is, therefore, clear that a promise to pay a subsisting indebtedness, or *even its actual payment,* is not a consideration upon which a court of equity can decree the specific execution of an agreement for the conveyance of real estate. It is impossible to say there is a valuable consideration where the debtor does no more than the law compels him to do, and the creditor receives no more than he is entitled to receive." "If," says the court, * * * "Keffer had discharged all of his indebtedness to the appellee by the first of January, 1877, such discharge would not, of itself, have given him any claim to call for a conveyance." These views are, to our apprehension, in accordance with well settled principles, eminently wise, and must be decisive of the case at bar. For, however the law may be in cases of this character, when the agreement has been completely executed, it seems to us very clear that a court of chancery can never lend its aid to any person seeking to enforce such an agreement. *Dorsey* v. *Packwood,* 12 How. 127; 1 Story's Eq. Jur. § 787, 793 a; Id. § 433, n. 5.

As this case must go off on the ground set forth above, we will only add, in reply to the suggestion that the deed of 1865 was a mortgage for the security of the precedent indebtedness, that the answers of Phillips and Smith to the bill of one Roch, and which the appellee has made a part of his bill, conclusively show that such is not its character, but that it is, what on its face it purports to be, an absolute deed of bargain and sale. The decree of the said circuit court must be reversed and the bill dismissed.

The decree is as follows:

This day came again the parties, by their counsel, and the court having maturely considered the transcript of the record of

the decree aforesaid and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the said circuit court erred in rendering the decree of the 12th day of November, 1880, being the decree appealed from; that instead of rendering said decree, the said circuit court ought to have dismissed the plaintiff's bill and have given the defendants a decree for their costs. It is therefore decreed and ordered, that the said decree appealed from be reversed and annulled, and that the appellee, John B. Phillips (the plaintiff in the court below), pay to the appellants their costs by them expended in the prosecution of their appeal aforesaid here. And this court proceeding to render such decree as the said circuit court ought to have rendered, it is decreed and ordered that the bill of the plaintiffs be dismissed, and that he pay to the defendants their costs by them about their defence in the said circuit court expended.

Which is ordered to be certified to the said circuit court of the county of Lunenburg.

DECREE REVERSED.