# Richmond

## THOMAS & CROSS v. BROWN.

### March 12, 1914.

#### Absent, Cardwell, J.

1. PAYMENT—*Common Law as to Part Payment.*—At common law nothing less than the payment of the whole sum due would satisfy the demand. A party never could be held to surrender his rights under contract, unless it appeared that he made the surrender understandingly and intentionally, and freely, nor could such surrender or release be implied by his act. It never could be implied by the act of a party accepting a part of what he had a right to demand, that he released the security for the balance without consideration.

2. PAYMENT—*Virginia Statute as to Part Payment—Burden of Proof —Receipt in Full.*—The Virginia statute allowing part payment to extinguish a money demand is coupled with the condition or qualification "when expressly accepted by the creditor in satisfaction, and rendered in pursuance of an agreement for that purpose." And the burden is on the debtor to bring himself within the statute. The statute was never intended to enable a debtor to perpetrate a wrong and injustice upon his creditor as is attempted in the case at bar. Here the creditors were in a desperate strait for money, the correctness of their bill was not denied, and although they signed a receipt stating the sum received to be "payment in full," the settlement was not made as a compromise of differences, but only because the sum received was deliberately held out to them as the only relief they could get outside of the law. Under these circumstances, it is held that the creditors are not bound by their acceptance and may recover the balance of their debt.

Error to a judgment of the Hustings Court, Part II, of the city of Richmond, in an action of assumpsit. Judgment for the defendant. Plaintiffs assign error.

*Reversed.*

The opinion states the case.

*Hunsdon Cary,* for the plaintiff in error.

*Wallace F. Brown,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought by the firm of Thomas & Cross to recover of Harvey C. Brown $450.54, a balance alleged to be due them from the defendant on a parol contract for building certain houses. There was a verdict for the plaintiffs for the amount claimed by them, subject to the opinion of the court upon a demurrer to the evidence by the defendant. The court sustained the demurrer to the evidence, and we are asked to review that judgment.

It appears from the record that in December, 1910, the plaintiffs and the defendant entered into an oral contract whereby the former undertook to build twelve brick houses for the latter. By the terms of the contract eighty-five *per cent.* of the money due on the first of every month was to be paid between the 10th and 15th of that month. The contract provided for no limit of time in which the houses were to be built. The proof shows that all of the houses were completed within eight months from the date of the contract.

The undisputed bill for the construction of the houses was $16,150.54, and at the time of their completion there was a balance due on this account of $6,450.54. It thus appears that the defendant was very much behind in fulfilling his part of the contract to pay eighty-five *per cent.* of the work done at the end of each month. It further appears that the plaintiffs were young men with small capital and that they were financially embarrassed and

in great need of money in consequence of not being paid at the end of each month in accordance with the contract. Repeated demands were made upon the defendant for payment without success, and on August 10, a week before the houses were completed, the plaintiffs called upon the defendant for a payment on account due, and made known to him their financial stress and great need of money as a result of their purchase of the necessary materials for building the houses. On this occasion the defendant told the plaintiffs to go ahead and finish the houses and that he would settle with them in full when the entire work was completed. Relying upon this promise, the work was proceeded with to completion, thus increasing the indebtedness of the plaintiffs for material furnished. When the work was completed in full the defendant was again applied to for payment in accordance with his promise, the plaintiffs again urging their great financial necessities, but the defendant again postponed payment until September 9. At this interview the plaintiffs offered to knock off twenty dollars if they were paid then. In reply the defendant said he did not want any discount, that he did not want them to lose a cent. Up to this time there was not a hint from the defendant that the plaintiffs' claim was not due and payable in full. About one week after this last-mentioned interview, the defendant was again applied to for payment, when for the first time he demanded that the plaintiffs should knock off $450.54, saying that he had $6,000 in bank which was all that he would pay them, claiming for the first time that there had been some delay in completing the houses, and that he was entitled to a deduction of that amount as damages for such delay.

The defendant does not testify, nor does he adduce a word of evidence, and there is nothing in the record to justify this belated claim that there had been any delay

in building these houses under a contract which prescribed no limit of time in which they were to be completed.

The plaintiffs refused to accede to the proposition, and a few days later the defendant refused to pay them a part of the account, stating as his ultimatum that unless they accepted the $6,000 they could take out a mechanic's lien on the houses, or sue him. The plaintiffs were in financial straits as a result of the defendant's course. Money was due in bank and their payrolls were due. In this desperate financial condition the plaintiffs had no other alternative but to yield to the unconscionable demand of the defendant so far as to take the $6,000 and sign a receipt which states that sum to be "payment in full." The testimony of the plaintiffs, however, shows that the correctness of their bill was not denied, that the settlement was not made as a compromise of differences, but that the $6,000 was deliberately held out to them as the only relief they could get outside of the law. As stated in his testimony, by one of the plaintiffs, "It wasn't any agreement to it, we just had to do it."

At common law nothing less than payment of the whole sum due would satisfy the demand. "A party never can be held to surrender his rights under contract, unless it appears that he made the surrender understandingly, and intentionally and freely, nor can such surrender or release be implied by his act. It never can be implied by the act of a party accepting a part of what he had a right to demand, that he released the security for the balance without consideration." *Lee* v. *Harlow,* 75 Va. 29; *Smith* v. *Phillips,* 77 Va. 548; *Seymour* v. *Goodridge,* 80 Va. 303.

That such was the law prior to the Code of 1887 is not disputed. By section 2858 of the Code it is provided: "Part performance of an obligation, promise or under-

taking, either before or after a breach thereof, when expressly accepted by the creditor in satisfaction, and rendered in pursuance of an agreement for that purpose, though without any new consideration, shall extinguish such obligation, promise or undertaking.''

This statute has been construed by this court in the case of *Standard Sewing Machine Co.* v. *Gunter,* 102 Va. 568, 46 S. E. 690. It is there held that, notwithstanding the modification of the common law rule intended by the statute, the burden of proof was upon the debtor to bring himself within the influence of that statute and to show that the sum of money which he paid in part performance of his obligation was ''expressly accepted by his creditor in satisfaction and rendered in pursuance of an agreement for that purpose.''

In the case at bar the defendant has failed to bring himself within the influence of the statute. In the light of the evidence already recited, it cannot be said that there was ever any meeting of the minds of the parties in an agreement that the $6,000 was expressly accepted by the creditor in full satisfaction of his demand. On the contrary, it plainly appears that it was accepted under protest and aggravated circumstances of constraint.

Much is said of the danger of what would follow the precedent of a recovery by the plaintiff in this case. During all the years of the common law, as it stood prior to the enactment of the present statute, no agreement, however solemn, would serve to satisfy a debt by part payment, and the statute was never intended to enable a party to perpetrate the wrong and injustice that the defendant has sought to accomplish in this case. Hence the provision that part performance of an obligation must be ''expressly accepted by the creditor in satisfaction and rendered in pursuance of an agreement for that purpose.''

It follows from what has been said that the judgment complained of must be reversed, and this court will enter such judgment as the lower court ought to have rendered, overruling the demurrer to the evidence and giving judgment in favor of the plaintiffs for the sum ascertained by the verdict of the jury.

*Reversed.*