# Richmond.

## F. J. McGuire v. J. W. Martin.

March 21, 1929.

The opinion states the case.

*J. T. Lawless*, for the plaintiff in error.

*T. E. Gilman* and *Jas. G. Martin*, for the defendant in error.

WEST, J., delivered the opinion of the court.

J. W. Martin brought action against F. J. McGuire for $1,146.85, for work done and performed at his request, upon Project No. 181 of the State Highway System of North Carolina.

The defendant pleaded the general issue and filed a special plea of accord and satisfaction, claiming that the controversy had been compromised and settled at $300.00.

The first trial resulted in a hung jury and on the second trial the jury found a verdict for the plaintiff in the sum of $846.85. This is a writ of error to a judgment on that verdict.

McGuire is a highway contractor and Martin is a sub-contractor. McGuire made a contract with Martin to pay him seven hundred dollars per mile for constructing the "shoulders" to the highway, and, according to the contention of Martin, an additional sum of fifty cents per cubic yard for "borrow-pitting." By borrow-pitting is meant the borrowing or taking of dirt "from some distance away and hauling it to the road to make a proper base for the hard surface to go on the shoulders." According to the contention of McGuire, he did not agree to pay Martin any sum of money for borrow-pitting, and Martin was entitled to collect nothing in excess of the flat rate of $700.00 per mile.

The major question to be decided is, was Martin

entitled to receive extra pay for borrow-pitting? On this question the witnesses are divided, some testifying that there was a contract for extra pay, while others testified that there was no such contract.

The defendant, McGuire, put in evidence a $300.00 check payable to the order of J. W. Martin and endorsed by him, with the following words written over his name:

"Account in full.

"For shoulder work, N. C. Pro. 181."

Martin testified that these words were not on the back of the check at the time he endorsed it, and that he did not agree to receive the $300.00 in full settlement.

The petitioner makes only three assignments of error:

(1) Giving instruction No. 1;

(2) Refusing instructions A and B; and

(3) Refusing to set aside the verdict and grant a new trial, or enter a final judgment.

Instruction No. 1 reads as follows: "The court instructs the jury that the burden is on the defendant to prove by a preponderance of the evidence that payment of the three hundred dollars was made to the plaintiff for the work alleged in the notice of motion, and that it was accepted by the plaintiff in full satisfaction and discharge."

A plea of accord and satisfaction, properly sustained, is an absolute defense, and the burden is on the party filing it to prove the material allegations of his plea.

In *Standard Sewing Machine Co.* v. *Gunter*, 102 Va. 568, 46 S. E. 690, this court speaking through Keith, P., held that the burden of proof was upon the

debtor to show that the sum of money which he paid in part performance of his obligation was "expressly accepted by his creditor in satisfaction, and rendered in pursuance of an agreement for that purpose." In no other way will part performance of an obligation serve to extinguish such an obligation. Code of Virginia, 1924, section 5765, provides: "Part performance of an obligation, promise or undertaking, either before or after a breach thereof, when expressly accepted by the creditor in satisfaction and rendered in pursuance of an agreement for that purpose, though without any new consideration, shall extinguish such obligation, promise or undertaking." (Code 1887, section 2858).

Judge Keith further says: "The burden of proof was upon Gunter to bring himself within the influence of that statute."

It thus appears that the statute places the burden of proof upon the defendant, just where instruction No. 1 places it. There is no merit in this assignment.

Instructions A and B read as follows:

A. "The court instructs the jury that the burden of proof in this case is on the plaintiff, J. W. Martin, to prove by a preponderance of the evidence that his acceptance and use of the check endorsed 'account in full for the shoulder work N. C. Pro. 181,' was not so accepted; and if the evidence does not satisfy your minds in this respect, you must find for the defendant."

As already appears, the burden of proof on a plea of accord and satisfaction is upon the defendant. Instruction "A" being in sharp conflict with instruction No. 1, it was not error to refuse to grant it.

B. "If you believe from the evidence that a *bona fide* dispute arose between the parties to this suit as to the amount due the plaintiff and while they were

respectively disputing and endeavoring to adjust the same, the defendant in good faith offered plaintiff in full settlement the check introduced in evidence, endorsed 'Account in full for shoulder work N. C. Pro. 181,' and the plaintiff expressly accepted the same and collected the money from the bank, that constituted an accord and satisfaction of the claim of Martin and you must find for the defendant."

This instruction was sufficiently covered by instruction No. 5, as amended, which reads as follows: "The court instructs the jury that even if you do believe from the evidence that a check was delivered to the plaintiff by defendant, marked 'Account in full for shoulder work N. C. Pro. 181,' this is *prima facie* evidence but not conclusive that said check was accepted in full settlement. But if the plaintiff endorsed said check knowing of the presence of said marking thereon, the jury should find for the defendant."

The last sentence of instruction No. 5, as amended, is more favorable to the defendant than he was entitled to have it. *Norfolk Hosiery, etc., Co.* v. *Westheimer*, 121 Va. 130, 92 S. E. 922.

Besides, instruction "B" was properly refused, for the reason that it assumed that the words on the back of the check were written thereon before the check was endorsed, when this is one of the hotly contested points in the case.

While only three exceptions were filed to the rulings of the court in granting and refusing instructions, a careful consideration of the eight instructions granted fails to disclose any prejudicial error. The jury was fairly and sufficiently instructed upon the law of the case.

This brings us to the third and last assignment

of error which is based upon the court's refusal to set aside the verdict of the jury.

Counsel for the petitioner does not devote much time to this assignment. This is what he says: "Petitioner represents that the record shows that this is a sympathy verdict purely. It ought not to stand." He does not sustain the contention that the evidence is insufficient to support the verdict.

This is peculiarly a case for the jury. The evidence is in irreconcilable conflict. Martin and witness Clarence McCoy testified that McGuire promised to pay fifty cents per cubic yard extra for the borrow-pitting. McGuire testified that he made no such promise. The jury have seen fit to accept as true the testimony for the plaintiff. Their verdict is supported by the evidence, and has been approved by the judge of the trial court, and the judgment will be affirmed.

*Affirmed.*