# Richmond

## Kasco Mills, Incorporated v. James C. Ferebee and Fluvanna Ferebee.

January 16, 1956.

Record No. 4434.

Present, All the Justices.

The opinion states the case.

*William King Mapp* and *William E. Fears*, for the plaintiff in error.

*Quinton G. Nottingham* and *George Willis, III*, for the defendants in error.

SPRATLEY, J., delivered the opinion of the court.

Kasco Mills, Inc., plaintiff in the court below, filed its notice of motion for judgment against James C. Ferebee and Fluvanna Ferebee for the sum of $8,332.53, alleged to be due for poultry feed, sold and delivered to defendants pursuant to a written contract. The notice alleged that defendants had tendered plaintiff a check in the sum of $6,757.53, which had not been cashed or accepted, in full payment of "plaintiff's liquidated claim;" but had been certified by the bank upon which it was drawn, and was being held "to insure prompt payment in part, at least, of any judgment" which might be rendered against defendants. A demurrer by defendants to the motion, on the ground that its allegations showed tender and acceptance of the check by plaintiff, was overruled. Thereafter, in compliance with orders of the court, plaintiff filed its bill of particulars and defendants their grounds of defense.

In its bill of particulars plaintiff asserted that defendants had repeatedly been advised that their check had not been accepted in full settlement of their indebtedness, but had been held merely as security for the satisfaction of any judgment it might obtain, and that defendants, with that information before them for a considerable period of time, did not undertake to stop payment of the check.

In their grounds of defense defendants asserted that they tendered the check in complete satisfaction of plaintiff's claim, and that the act of the latter in procuring the certification of the check had the same

effect as cashing it subject to the condition imposed in the tender, and constituted an acceptance by plaintiff which amounted to the satisfaction of its claim. A deduction of $1,575 from the claim of plaintiff was asserted because of the delivery of "mouldy and inferior feed." Defendants also filed a cross-claim for $10,000, damages alleged to have been suffered by reason of the negligence of the plaintiff in delivering improper feed.

Upon motion of the defendants, the trial court held a pre-trial conference on November 8, 1954. Rule of Court 4:1. At the conference, plaintiff was ordered to produce the check it had received from defendants and the letter of the latter accompanying it. Plaintiff complied by producing a photostatic copy of the check and the original letter, both dated January 8, 1954. The check made by Fluvanna Ferebee, payable to the order of the plaintiff, bears on its face the following notation: "For payment in full—both open account and notes." The letter, written by Fluvanna Ferebee, reads in part as follows: "I am enclosing a check for six thousand, seven hundred and fifty-seven dollars and fifty-three cents ($6,757.53) in settlement of our account. In this amount I have included the following:." Listed was an item for $1,575, "value of poults lost," the difference between the amount of plaintiff's claim and the sum named in defendants' check.

In addition, defendants presented two letters from plaintiff's counsel relative to its claim. The pertinent portion of one of the letters, dated January 22, 1954, addressed to Mr. and Mrs. J. C. Ferebee, reads as follows: "The Kasco Mills, Inc., of Toledo, Ohio, have asked me to collect an account in the amount of $8,332.53 for turkey feeds furnished you. I have your check in the amount of $6,757.53 which we do not intend to cash, for we are claiming the full amount of your agreement. * * * If I have not heard from you by the end of the month, I shall proceed with suit."

The second letter, dated April 30, 1954, addressed to defendants' counsel, reads as follows: "We have had the check tendered to us by Mrs. Ferebee certified and are today bringing suit. We want it clearly understood that in having Mrs. Ferebee's check certified we are not accepting same in full satisfaction of the same for our client but have merely done so in order to insure in part, at least, the satisfaction of any judgment rendered by the court."

The trial court, after consideration of the facts set up in the pleadings, and the exhibits presented, held that plaintiff had accepted the

check in full settlement of its claim, and entered an order awarding a judgment to the defendants and dismissing their cross-claim. Plaintiff applied for and was granted this writ of error.

■ Plaintiff assigns error to the action of the trial court in entering final judgment for the defendants in a pre-trial conference, and in holding that the acceptance of the check by the plaintiff, under the circumstances existing, was in full settlement of its claim. It contends that the pleadings and the exhibits before the trial court raised issues which should be resolved by a jury after hearing all of the evidence of the respective parties.

It is quite clear from the pleadings and the exhibits produced that issues of fact were raised. Plaintiff claimed that defendants were indebted to it in a fixed, liquidated amount, and that their check was accepted only in part payment of the amount due, notice being promptly given to that effect. Defendants, on the other hand, contended that they were entitled to a deduction from the full amount claimed by plaintiff because of the delivery of faulty feed resulting in the death of a great number of their turkeys. They alleged that their check was tendered upon condition that plaintiff was to receive it in full settlement, and that plaintiff in having it certified by the bank upon which it was drawn, accepted it just as if it had cashed it, subject to the conditions imposed. Moreover, defendants asserted a cross-claim for alleged negligence of the plaintiff causing defendants a large financial loss.

Virginia Code, § 11-12 provides as follows:

"Part performance of an obligation, promise or undertaking, either before or after a breach thereof, when expressly accepted by the creditor in satisfaction and rendered in pursuance of an agreement for that purpose, though without any new consideration, shall extinguish such obligation, promise, or undertaking."

Whether the exchanges and actions recited in this case constituted an offer and acceptance, and hence accord and satisfaction, was the principal question in issue. Material facts were in dispute both as to acceptance of the check by plaintiff in full satisfaction of its debt, and the amount of the damages, if any, suffered by defendants by reason of the alleged negligence of the plaintiff. There were no admissions or concessions by either party on pertinent matters. An accord and satisfaction is founded on contract, and the essentials of a valid contract must be present. Under Code § 11-12 the burden was on the debtors to show that the payment of less than was due was "expressly

accepted by the creditor in satisfaction, and rendered in pursuance of an agreement for that purpose, * * *." *Standard Sewing Machine Co.* v. *Gunter,* 102 Va. 568, 574, 46 S. E. 690. *McGuire* v. *Martin, infra,* 152 Va. pages 456, 457.

Rule of Court 3:20 provides that "Summary judgment shall not be entered if the amount of damages or any other material fact is genuinely in dispute." Rule 4:1 provides how a pre-trial conference may be held, its object and effect.

Both Rules were adopted to allow trial courts to bring litigation to an end at an early stage when it clearly appeared that one of the parties was entitled to a judgment in the case as made out by the pleadings and the admissions of the parties. They were not intended to substitute a new method of trial when an issue of fact exists. Rule 3:20 applies only to cases where no trial is necessary because no evidence could affect the result. *Carwile* v. *Richmond Newspapers,* 196 Va. 1, 5, 82 S. E. (2d) 588. Rule 4:1 is designed to allow the court to consider such matters as will aid the court in the disposition of the case in subsequent proceedings. Cf. *Wine* v. *Beach,* 194 Va. 601, 602, 74 S. E. (2d) 149, where an order was entered without objection determining the issues involved; and *Robinson* v. *Barrow-Penn & Co., Inc.,* 194 Va. 632, 636, 74 S. E. (2d) 175, where certain factual concessions were made by counsel which were determinative of the issue in that case.

Here, as we have said, material facts were in dispute, and consequently the trial court erred in entering a summary judgment in the pre-trial conference.

█ In view of the foregoing conclusion, it would be improper for us to express any opinion as to whether the plaintiff, under the circumstances existing, accepted defendants' check in full satisfaction of its claim. The question whether the acceptance of a check or other remittance by a creditor in payment of an indebtedness to him amounts to an accord and satisfaction depends upon the circumstances surrounding the transaction, taking into consideration the conduct and declaration of the respective parties with relation thereto. This cannot be determined without a consideration of all the pertinent facts.

Principles of law applicable to accord and satisfaction have been often stated by us.

In *Mercury Ins. Co.* v. *Griffith,* 178 Va. 9, 16 S. E. (2d) 312, a number of cases are reviewed where the issue was whether the acceptance of a check on which appears "In full of account," or words

of like import, closes an account regardless of other facts. There we held that where the entry on the face of a check reads "In Full," such evidence constitutes *prima facie* evidence but not conclusive that the check was accepted in full settlement. Then on page 20, 178 Va., *supra*, we said:

"The acceptance of a check on which appears 'In full of account' or words of like import, does not in fact close the account unless it was accepted with intelligent appreciation of its possible consequences coupled with knowledge of all relevant facts. To be final it must have been so intended." *McGuire* v. *Martin*, 152 Va. 453, 147 S. E. 265; *Norfolk Hosiery & Underwear Mills Co.* v. *Westheimer*, 121 Va. 130, 92 S. E. 922.

In *Virginia-Carolina Elec. Works* v. *Cooper*, 192 Va. 78, 63 S. E. (2) 717, Mr. Justice Buchanan clearly and succinctly discussed accord and satisfaction founded on a contract embracing an offer and acceptance, and cites numerous cases and authorities. In the course of his opinion, he said this: "But an accord and satisfaction does not result unless the debtor intends his offer as a satisfaction of the demand and such intention is clearly made known to the creditor and accepted by the creditor in accordance with the debtor's intention. 'Both the giving and the acceptance in satisfaction are thus essential requisites, and if either be lacking there can be no accord and satisfaction.' 1 C. J. S., *Idem*, (Accord and Satisfaction) § 6, p. 477. Annotations, 34 A. L. R. at p. 1052, 75 A. L. R. at p. 919."

See also 1 M. J., Accord and Satisfaction, § 6, page 60; 1 Am. Jur., Accord and Satisfaction, § 19, page 221; § 22, page 223; § 23, page 224; § 24, page 225.

Here, as we have shown, defendants wrote plaintiff that they were enclosing a check in settlement of their account after deducting a certain amount for the value of turkeys alleged to have been lost. They wrote on the check "Payment in full—both open account and notes," the check being for an amount less than that claimed by the plaintiff. Plaintiff promptly wrote defendants that it would not accept the check in full payment of their account. It waited sometime for a reply. Later it had the check certified by the bank upon which it had been drawn. It then notified defendants that it had had the check certified and had done so merely to protect its interests, without any intention of accepting same in full payment of its claim.

█ There is no merit in the contention of the defendants that the mere procurement of certification of the check by the bank was

an "acceptance" by the plaintiff by virtue of Code, § 6-541.*

The Code section provides that the certification of a check by a bank shall be "equivalent to an acceptance." By "an acceptance" the bank "obligates itself, without condition, to hold sufficient funds of the drawer to cover the check whenever it is presented for payment. The holder of the check is placed on the same footing and has the same rights as the depositor." *National Mechanics Bank* v. *Schmelz National Bank*, 136 Va. 33, 40, 41, 116 S. E. 380. The "acceptance" mentioned in the Code section has no relation to the transactions between the drawer and the holder of the check. It refers only to the effect of certification upon the bank.

Plaintiff asks us to reverse and review the order and judgment of the trial court insofar as judgment was awarded the defendants, but to affirm the judgment insofar as the cross-claim of the defendants was dismissed, since no exception was noted by the defendants. Inasmuch as the trial court erred in rendering summary judgment in the pre-trial conference both with regard to the claim of the plaintiff and the cross-claim of the defendants, the whole judgment was tainted with error. Each party was entitled to a day in court and a trial of the issues raised according to the principles of law applicable. For that reason the judgment of the trial court is reversed and the case remanded for a new trial on all issues.

*Reversed and remanded.*

---

* § 6-541. "Where a check is certified by the bank on which it is drawn the certificate is equivalent to an acceptance, and the check shall be charged to the drawer's account."