# Staunton

FRANCIS N. ATKINS, ET AL., T/A, ETC. v. CHARLES L. BOATWRIGHT, ET AL.

September 11, 1963.

Record No. 5599.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, I'Anson and Carrico, JJ.

The opinion states the case.

*Robert S. Irons* (*John M. Goldsmith,* on brief), for the plaintiffs in error.

*John B. Spiers, Jr.* (*Marcus H. Long; Spiers & Spiers,* on brief), for the defendants in error.

SPRATLEY, J., delivered the opinion of the court.

■ The appellants, plaintiffs below, Francis N. Atkins, Leonard J. Currie, William W. Payne and Ralph G. Echols, partners trading as Atkins, Currie & Payne, filed their motion for judgment against Charles L. Boatwright and Carlyle Gregory, defendants, for $1,129.00, alleged to be due as a balance for architectural and engineering services rendered by plaintiffs to the defendants. Defendants filed responsive pleadings, including a plea of accord and satisfaction by reason of a payment of $600.00 to plaintiffs. Plaintiffs admitted receipt of that payment; but denied that it was accepted in satisfaction of their claim.

The parties agreed that the case would be submitted to a jury solely upon the issue of accord and satisfaction, and, in the event of verdict and judgment for plaintiffs on that issue, the other issues would be submitted to another jury at another trial, but, if the verdict and judgment were for the defendants, final judgment for defendants would be entered.

A jury was selected, defendants presented their evidence, and plaintiffs followed with theirs. At the conclusion of plaintiffs' evidence, the court sustained defendants' motion to strike, and thereupon entered summary judgment for defendants. We granted plaintiffs a writ of error.

From a certified stipulation of facts, the following appears:

The plaintiffs are members of the faculty of Virginia Polytechnic Institute, in Blacksburg, Virginia, and are also engaged as partners in the practice of architecture and mechanical and structural engineering. The defendant, Boatwright, is a doctor of medicine, and defendant, Gregory, is a doctor of dentistry, with offices in Blacksburg, Virginia. Defendants employed the plaintiffs to design and plan for them a clinic and professional office building. The amount claimed to be due plaintiffs for services is unliquidated and disputed.

Plaintiffs submitted plans for the proposed office building to the defendants, but defendants were not satisfied with them. After a delay, some changes were made in the plans at defendants' request, but as altered they still failed to meet with defendants' approval. About the last of April, 1961, Currie, one of the partners in the firm of plaintiffs, met with the defendants, and was told by them that they were not satisfied with the work and services of the plaintiffs. Boatwright inquired of Currie how much the architects' fee would be "to call it quits." Currie replied that he did not know; that he would meet with his partners; and that a bill would be submitted. Boatwright replied: "That's it. Send us a bill for what you've done."

At this time, plaintiffs had already submitted a statement as of April 25, 1961, for $665.00, "For professional services—services through the preliminary plans. 25% of total fee or 1¾% of estimated cost of $38,000.00." No reference was made to this statement at the above meeting between Currie and the defendants.

On May 17, 1961, plaintiffs submitted to defendants a bill for $1,729.00 and on June 20, 1961, a like bill. Defendants took no action with regard to either bill, and no personal contact was had with plaintiffs.

Plaintiffs sought to introduce in evidence a letter written by Payne, their partner in charge of billings submitted to their clients, to defendants dated July 26, 1961, calling their attention to a delay in the payment of their account, and suggesting that they have a conference relative to the same. Defendants objected to the introduction of the letter in evidence on the ground that it was self-serving and not relevant to the issue under consideration. The objection was sustained, and plaintiffs excepted.

On August 1, Robert Mills, an employee of plaintiffs' firm, while visiting Dr. Boatwright for medical service, mentioned the bill of the plaintiffs to the Doctor. Boatwright testified that Mills told him the plaintiffs were about to employ a lawyer, and that defendants had better hurry up and settle. Mills denied that he said anything about the employment of a lawyer by his firm. He said that plaintiffs knew he was going to see Boatwright, and he had their permission to mention the bill.

Boatwright testified that he told Mills that he still felt that the bill was too high, that it was "as high as if the plans were usuable." He said that he thought it would be better to settle; that he and Gregory had been thinking about the bill, and trying to reach a fair figure; that when Gregory returned from his vacation, they would get together and send what they thought to be a reasonable settlement; and that thereafter they sent a check which they "thought to be" reasonable, fair and just, and with the intention that it be in full settlement.

Dr. Gregory testified that when he returned to Blacksburg the following Thursday, he met with Boatwright, they discussed the matter, and considered it in the exercise of sound business judgment from Thursday until Sunday. They "felt" that the bill was too high; but they were interested "in making a reasonable settlement with the plaintiffs." They agreed that they would pay the sum of $600.00 in full, and discussed the wording of a letter to accompany a check

for that amount. A letter dated August 7, 1961, was written by Boatwright, which reads as follows: "After due consideration and consultation, we believe the enclosed to represent a just and reasonable settlement of the Boatwright-Gregory Clinic Account."

On the following day, the letter was signed by both defendants. On the same day, Gregory wrote a check of defendants for $600.00, payable to plaintiffs, and bearing on its face the words, "Paid in full." The letter and check were then placed in an envelope addressed to plaintiffs and deposited in the U. S. Post Office.

The letter and the check were received by plaintiffs on the afternoon of August 8th. The proposal of defendants was discussed and considered by the partners. They agreed that Currie, who had a dental appointment with Dr. Gregory the next morning, would take up the matter further with Gregory. The testimony of Dr. Gregory and Currie with respect to that meeting, on August 9th, was "in substantial accord." Currie stated that he said: "Thank you for the payment on your account. I hope you'll send the rest of it soon." Dr. Gregory replied: "It is not partial payment. It is payment in full. It's on the check." Currie then said: "Yes, that's on it, but we're not accepting it in full. We have too much invested to consider it. We're depositing it to our account." Also, according to both Currie and Gregory, Currie said that he and his partners were patients of the two doctors, and had always paid their bills. Currie further "pointed out the social effects of an argument," if their mutual friends should find out about it. Gregory replied: "That's it. I'll tell Boatwright." Currie further stated that he understood at the above conference with Gregory, and in subsequent conversations, that the amount represented by the check was all that the defendants intended to pay.

Plaintiffs never made any attempt to return the check. On August 8, 1961, they endorsed the check, writing on its back, "Accepted in partial payment only on account, and deposited to the credit of Atkins, Currie and Payne," the name in which the bank account was held. The proceeds were credited to that account.

Defendants at no time requested the return of the check by plaintiffs. They had no knowledge of the wording of the endorsement on it until it had been paid by the bank and returned to them.

The trial court held that the evidence established, as a matter of law, there had been an accord and satisfaction, and, therefore, presented no issue for the jury. As we have said, the evidence of plaintiffs was stricken and summary judgment entered for defendants.

Plaintiffs excepted to the ruling of the court as contrary to the law and the evidence, and on the further ground that the court erred in excluding from the evidence the letter of July 26, 1961, from Payne to the defendants. Defendants say here that "it would have been error for the court to submit the issue to the jury," because there were "no conflicts in the evidence."

We agree that the evidence was not in conflict, and that it was the duty of the court to determine the question whether the transactions between the parties constituted an accord and satisfaction. We are further of opinion, however, that the court erred in holding in the affirmative on that issue, and consequently its judgment must be reversed and set aside.

The principles of law applicable to accord and satisfaction have been stated by us in many cases.

Under Section 11-12, Code of Virginia, 1956 Rep. Vol., [formerly § 2858, Code of 1887 and § 5765, Code of 1919], the burden of proof is on a debtor to show that the sum of money which he paid in part performance of his obligation was "expressly accepted by the creditor in satisfaction and rendered in pursuance of an agreement for that purpose." *Thomas v. Brown*, 116 Va. 233, 237, 81 S. E. 56, Ann. Cas. 1917A, 128; *McGuire v. Martin*, 152 Va. 453, 456, 147 S. E. 265; *Kasco Mills, Inc. v. Ferebee*, 197 Va. 589, 592, 593, 90 S. E. 2d 866.

"Accord and satisfaction is a method of discharging a contract or cause of action, whereby the parties agree to give and accept something in settlement of the claim or demand of the one against the other, and perform such agreement, the 'accord' being the agreement and the 'satisfaction' its execution or performance." *Owen v. Wade*, 185 Va. 118, 124, 37 S. E. 2d 759; 1 C. J. S., Accord and Satisfaction, § 1, page 462; 1 Mich. Jur., Accord and Satisfaction, § 1, page 58.

"The thing agreed to be given or done in satisfaction must be offered and intended by the debtor as full satisfaction, and accepted as such by the creditor." 1 C. J. S., Accord and Satisfaction, § 6, page 476; 1 Am. Jur., 2d, Accord and Satisfaction, § 14, page 211; 1 Mich. Jur., Accord and Satisfaction, § 6, page 60; *Mercury Insurance Company v. Griffith*, 178 Va. 9, 20, 16 S. E. 2d 312.

"Both the giving and the acceptance in satisfaction are thus essential requisites, and if either be lacking there can be no accord and satisfaction." 1 C. J. S., Accord and Satisfaction, § 6, page 477;

*Virginia-Carolina Electrical Works* v. *Cooper*, 192 Va. 78, 81, 63 S. E. 2d 717; *Kasco Mills, Inc.* v. *Ferebee, supra,* 197 Va. at 594; Burks Pleading and Practice, 4th ed., Accord and Satisfaction, § 8, page 9.

"The acceptance of a check on which appears 'in full of account,' or words of like import, does not in fact close the account unless it was accepted with intelligent appreciation of its possible consequences, coupled with knowledge of all relevant facts." *Mercury Insurance Company* v. *Griffith, supra,* 178 Va., at page 20; *McGuire* v. *Martin, supra,* 152 Va.; *Virginia-Carolina Electrical Works* v. *Cooper, supra,* 192 Va.; *Kasco Mills, Inc.* v. *Ferebee, supra,* 197 Va. See also Annotations 34 A. L. R., at page 1052; 75 A. L. R., at page 919; 1 Am. Jur. 2d, Accord and Satisfaction, § 18, page 315.

Both the making of an offer and the acceptance thereof in satisfaction are essential elements of an accord and satisfaction. Here, the evidence showed defendants desired or intended the check to be in satisfaction of plaintiffs' demand,—that is, "all that the defendants intended to pay." But it also clearly shows that there was no acceptance, express or implied, on the part of plaintiffs. By no word or act did plaintiffs, at any time, indicate that the amount of the check would be accepted in settlement of their demand. To the contrary, after the check had been received and before it was deposited, plaintiffs notified defendants that it was received only as "partial payment." There never was any meeting of the minds of the parties in an agreement, and defendants have failed to bring themselves within the influence of Code, § 11-12. There was more than a mere failure to reach an agreement between the parties for settlement. There was a positive and absolute rejection of defendants' offer. Hence, the exchange between the parties constituted no offer and acceptance; and, therefore, no accord and satisfaction. Cf. *Thomas* v. *Brown, supra,* 116 Va., at 237; *County of Campbell* v. *Howard,* 133 Va. 19, 112 S. E. 876.

In view of our conclusion, it becomes unnecessary to consider plaintiffs' assignment of error relating to the exclusion of the letter of July 26, 1961, from the evidence. The letter is not only self-serving; but is immaterial and unrelated to any issue then being tried, since it was not denied that plaintiffs continuously and steadfastly asserted a demand for a payment of the fee due them.

The plea of accord and satisfaction should have been dismissed, and the case continued for determination of the true status of the account between the parties. The judgment of the trial court is

reversed and set aside, and the case remanded for such proceedings as may be necessary and proper in accordance with the views expressed herein.

*Reversed and remanded.*