332 S.E.2d 234

**Carole McCORMICK**

v.

**HAMILTON BUSINESS SYSTEMS, INC.**

**Case No. 16501.**

Supreme Court of Appeals of
West Virginia.

Submitted April 23, 1985.

Decided June 26, 1985.

Arden J. Curry, II, Pauley, Curry, Sturgeon & Vanderford, Charleston, for appellee.

Allen H. Masinter, Robert P. Martin, Lewis, Ciccarello, Masinter & Friedberg, Charleston, for appellant.

BROTHERTON, Justice:

The appellee, Carole McCormick, was employed by the appellant, Hamilton Business Systems, Inc., commencing March 15, 1982. Prior to the date of employment Carole McCormick met twice with Templeton Hamilton, Jr., the president, managing officer and sole stockholder of Hamilton Business Systems, Inc. During these meetings, the parties discussed the terms of McCormick's employment contract. The terms of the agreement were never reduced to writing. No one else was present at either meeting.

At trial there was conflicting evidence regarding the terms of the employment contract. McCormick testified that she was to be the exclusive salesperson selling business machines to "GEM" (Government, Educational and Medical) customers, at a salary of $800.00 per month for three months. At the end of the three-month period, she was to automatically be placed on a commission basis. McCormick testified that the shift in her employment from a salary-training basis to a pure commission basis was an automatic event triggered by the expiration of ninety days after she began employment. She further testified that after the ninety-day salary-training period she was to be paid a commission on all equipment installed in her exclusive sales area, whether or not she actually procured its sale.

Templeton Hamilton, Jr., was the only defense witness allowed to testify at the trial. Mr. Hamilton testified that Miss McCormick was hired under the same terms and conditions as all his sales representatives and that according to the custom and practice of his company, sales personnel would not be converted to a commission basis until he and the employee met and agreed on a specific date for the conversion. He testified that no such meeting took place with Carole McCormick.

On July 23, 1982, after giving two weeks' notice, Carole McCormick terminated her employment with Hamilton Business Systems, Inc. Before she left Miss McCormick and Mr. Hamilton met for the purpose of finalizing Miss McCormick's termination. Mr. Hamilton presented to her a company check in the amount of $1,079.60, detailing calculations used in arriving at the stated amount.

On September 1, 1982, Carole McCormick filed suit against Hamilton Business Systems, Inc., in the Circuit Court of Kanawha County, alleging an additional $13,000.00 to be due and owing to her for unpaid commissions on installed equipment in her sales area. At trial the appellant seemed to base its theory of the case on the proposition that there was never a meeting of the minds of the parties for the establishment of an employment contract, and secondarily, that, if there was an employment contract, the acceptance of the check at the July 23rd meeting formed an accord and satisfaction. At the conclusion of the evidence, the appellant offered instructions on accord and satisfaction. The court gave the instructions over the plaintiff's objections. The trial court also denied the appellant's motion for a directed verdict at the conclusion of the evidence, ruling that there was sufficient evidence on both sides to make the issue one for the jury to decide. The jury returned a verdict in favor of Carole McCormick in the sum of $7,250.22. Hamilton Business Systems, Inc., now appeals to this Court, asserting that the evidence did not support that verdict.

As we view the case, the determinative legal issue on whether the evidence supported the verdict is whether an accord and satisfaction took place at the July 23rd meeting.[1] In the case before the Court,

1. An accord and satisfaction is a method of discharging a claim whereby the parties agree to

there was evidence which would support an accord and satisfaction, but also evidence which would tend to reject this theory. Where in the trial of an action before a jury the evidence is conflicting, it is in the power of the jury to resolve the conflict and its verdict will not be disturbed unless plainly wrong. Syl. pt. 2, *French v. Sinkford*, 132 W.Va. 66, 54 S.E.2d 38, 39 (1949). We feel the evidence of an accord and satisfaction in this case was not so strong that the jury's verdict was plainly wrong. We, therefore, uphold the jury's verdict on this issue.

■■■ The appellants also contend that the trial court's exclusion of two proposed defense witnesses was an error. The question of whether a proposed witness's testimony is too remote to be admissible lies within the sound discretion of the trial court. In syllabus point 5 of *Yuncke v. Welker*, 128 W.Va. 299, 36 S.E.2d 410 (1945), this Court stated:

> Whether evidence offered is too remote to be admissible upon the trial of a case is for the trial court to decide in the exercise of a sound discretion; and its action in excluding or admitting the evidence will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion.

In this case, neither of the two proposed defense witnesses were employed by Hamilton Business Systems at the time Carole McCormick was hired, neither had ever been a GEM accounts salesman, and neither had any first-hand knowledge of the terms of Carole McCormick's contract. Under these circumstances, we cannot say that the trial court abused its discretion in the exclusion of the two witnesses.

Because we find no error on the part of the trial court, we hereby affirm its decision.

Affirmed.

give and accept something in settlement of the claim and then perform the agreement, and it must have all of the elements of a valid contract. Black's Law Dictionary 16 (5th ed. 1979), citing *Holm v. Hansen*, 248 N.W.2d 503, 506 (Iowa 1976). The elements of a contract are an offer and an acceptance supported by consideration. *See* syl. pt. 1, *First National Bank v. Marietta Mfg. Co.*, 151 W.Va. 636, 153 S.E.2d 172 (1967). The offer is made in an accord and satisfaction when one party offers to settle an unliquidated debt. The acceptance must be made by the other party intelligently, realizing the consequences of his act and with full knowledge of the relevant facts in order for the accord to be enforceable. *See Atkins v. Boatwright*, 204 Va. 450, 455, 132 S.E.2d 450, 454 (1963). Where payment is made by check, unless there is a specific agreement that the check itself shall constitute payment, then the acceptance shall not be complete until the check is negotiated or held for an unreasonable period of time. *See e.g. Brent v. Westerman*, 123 F.Supp. 835, 837–38 (W.D.Mo.1954).