Jones Welding & Repair, Inc.

v.

John Grier Construction Co., etc.

January 14, 1988

Case No. LK-562-3

By JUDGE MELVIN R. HUGHES, JR.

This case, you will recall, was presented to the Court on stipulated facts, on the basis that the matter for decision is one of law.

Briefly, the facts seem to be these. Plaintiff, a subcontractor, filed this action against defendant, a general contractor, seeking money damages arising from a contract to do certain steel work in a construction project involving refurbishment of the Carillon in Richmond. After plaintiff got started, questions arose regarding the scope of plaintiff's work. Specifically, questions arose regarding whether plaintiff was contractually charged with cutting pockets in connection with the placement of steel in the building. After getting a change order from the architect, plaintiff proceeded to cut the pockets for one level but when he cut pockets for another level, the architect refused to sign another change order, being of the mind that the work was properly part of plaintiff's original contract. Defendant took the position that another change order should have been allowed, but that in the absence of extra money for the second cuttings, defendant would not reimburse plaintiff. After a meeting between the parties and the architect in July, 1985, defendant advised plaintiff that part of the entire sum plaintiff

claimed was due would not be paid because defendant felt that the amount was not owing.

In December, 1985, defendant sent plaintiff a check in the amount of $2,808.00 which, by its account, satisfied the balance due plaintiff including the change order. This amount was short $4,455.00 of plaintiff's claimed amount.

On the reverse side of the check was written "these monies reflect payment in full on the Carillon project." Plaintiff deposited the check without protest and without being mindful of the words written thereon.

The parties raise several issues. The lead question is whether depositing the check under the circumstances is accord and satisfaction. The general rule is that "[T]here can be no accord and satisfaction unless the debtor intends the offer as satisfaction of the demand, and such intention is clearly made known to the creditor and accepted by the creditor in accordance with the debtor's intention." *M & B Construction Co. v. Mitchell*, 213 Va. 755, 759 (1973). Against this general rule, plaintiff asserts that it did not know that the check was intended as an offer of accord of its entire claim. It seems to me that unless there is a clearly communicated offer of accord leading to an understanding or agreement between the parties that plaintiff accepted the check in settlement of its claims, there is no accord and satisfaction. The burden of proof is on the party asserting the accord and satisfaction. *McGuire v. Martin*, 152 Va. 453 (1929).

This result should obtain even in light of defendant's argument that § 8.1-107, Code of Virginia of 1950, as amended, bars plaintiff's right of recovery. This section of the Uniform Commercial Code (UCC) provides:

> (a) party who with explicit reservation of rights performs or promises performance or assents to performance in any manner demanded or offered by the other party does not thereby prejudice the rights reserved. . . .

Defendant argues this section is applicable and that it has been construed to require that acceptance of checks with "payment in full" notations constitute accord and satisfaction unless there is an explicit reservation of rights. But, even in the UCC cases defendant

cites the creditor was obviously aware of the notation because in both cases the creditor marked out the notations. At any rate, this provision of UCC should not be construed to alter the rules of accord and satisfaction.

Accordingly, on the case as stipulated by the parties on the questions presented, the court finds defendants' defense of accord and satisfaction on the grounds advanced to be unavailing. Plaintiff, therefore, is entitled to judgment.