892 F.2d 74
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
AMERICAN FUEL TRADING COMPANY, Plaintiff-Appellee,
v.
VIRGINIA SOLID FUELS, INCORPORATED, Defendant-Appellant.
 No. 88-1799.
 United States Court of Appeals, Fourth Circuit.
 Argued: Sept. 13, 1989.
Decided: Dec. 1, 1989.
 
 Gregory L. Murphy (David C. Schroeder, Murphy, McGettigan & West, P.C., on brief), for appellant.
 Linda Lemmon Najjoum (Robert F. Brooks, John N. Richardson, Jr., Hunton & Williams, on brief), for appellee.
 Before MURNAGHAN, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 A dispute arose between American Fuel Trading Company (AFTC) and Virginia Solid Fuels, Inc. (VSF) over the correctness of an amount owed by VSF to AFTC. VSF sent AFTC three checks which, in total, amounted to $192,644.99 less than the amount claimed by AFTC.[1] The checks bore the restrictive legend "pmt. in full."
 
 
 2
 There ensued negotiations between the parties in which AFTC sought unrestricted checks, and, when VSF, maintaining its position, refused to remove the restriction, AFTC's representative said "Well, okay."[2]
 
 
 3
 Without notifying VSF that it was going to do so, thereafter AFTC unilaterally struck out the restrictive language and, substituting "partial payment only," presented the checks to a bank for payment. The bank complied by honoring the checks.
 
 
 4
 The present case arose when AFTC sued VSF claiming that, by contract, it was entitled to $192,644.99, for the difference between what it claimed and the amount of the three VSF checks in toto. VSF has asserted payment and accord and satisfaction. A jury returned a verdict in favor of AFTC for the amount claimed. VSF now appeals.
 
 
 5
 The parties do not dispute that, under Erie R.R. v. Tompkins, 304 U.S. 64 (1938), Virginia law decides the case. In many states other than Virginia, when a creditor receives, and then cashes,[3] a check with the legend "Payment in Full," the cashing of the check will amount to an agreement to take in satisfaction the lesser amount of the restricted check because the legend is deemed to have given notice of the debtor's intent to establish a precondition to cashing. E.g., Rhone v. State Auto Mut. Ins. Co., 664 F.Supp. 1431 (S.D.Ga.1987) (applying Georgia law), aff'd, 858 F.2d 1507 (11th Cir.1988); Air Van Lines, Inc. v. Buster, 673 P.2d 774 (Alaska 1983); County Fire Door Corp. v. C.F. Wooding Co., 202 Conn. 277, 520 A.2d 1028 (1987); DMI Design & Mfg. Inc. v. ADAC Plastics Inc., 165 Mich.App. 205, 418 N.W.2d 386 (1987); Inger Interiors v. Peralta, 30 Ohio App.3d 94, 506 N.E.2d 1199, 1201 (1986) ("The [creditor's] unauthorized unilateral modification of the [debtors'] express condition did not change the effect of his acceptance of their payment."); Pileco Inc. v. HCI, Inc., 735 S.W.2d 561 (Tex.Ct.App.1987). If the law of one of those states were to apply, there would be an accord and satisfaction under the facts of this case.
 
 
 6
 Virginia law, however, is to the contrary, following a more formal approach to contract law. Under Virginia law, "the burden of proof is on a debtor to show that the sum of money which he paid in part performance of his obligation was 'expressly accepted by the creditor in satisfaction and rendered in pursuance of an agreement for that purpose.' " Atkins v. Boatwright, 204 Va. 450, 454, 132 S.E.2d 450, 453-54 (1963) (citing Va.Code Ann. § 11-12 (1956)). In Atkins, in a manner similar to the case at bar, the creditors wrote "accepted in partial payment only" on a check upon which the debtor had written "Paid in full." The creditors then deposited the check. Because "by no word or act did [the creditors], at any time, indicate that the amount of the check would be accepted in settlement of their demand," the Virginia Supreme Court ruled there was not an accord and satisfaction. 204 Va. at 455, 132 S.E.2d at 454.
 
 
 7
 In this case, before cashing the three checks, AFTC struck out the "Payment in Full" legend, substituted the words "partial payment only," and prevailed upon a bank to accept and honor the checks. Virginia holds in such a situation that the striking out of the legend and the substitution of a new legend clearly demonstrated that the parties were not in accord as to the amount requisite to satisfy the dispute, and we, as a court sitting in diversity, are compelled to apply Virginia law. It is on that basis that the jury was permitted to consider the possibility of a verdict in AFTC's favor.
 
 
 8
 The arguable impropriety of the actions of the bank or AFTC does not require another result. The jury's verdict in AFTC's favor granting the full amount it had claimed argues persuasively that a claim by VSF, whether against the bank or on similar grounds against AFTC, would have been unsuccessful because VSF would not have been able to show damages. Even assuming the bank had full knowledge that AFTC had stricken the "Payment in Full" legend and that VSF, as a consequence, had paid a larger amount than it contended was due, the jury's verdict that AFTC was correct as to the amount owed would foreclose such a claim. In fact, VSF apparently did bring an unsuccessful counterclaim against AFTC, essentially asserting that the amount owed was less than the amount the jury eventually determined was due. Consequently, whatever one's feeling may be concerning the striking of the "Payment in Full" legend and cashing the check without notifying VSF (which then might have stopped payment of the checks), there is no basis for a finding in VSF's favor.
 
 
 9
 Under Virginia law, when one in VSF's position elects, though no contract agreeing to an amount has been entered, to pay a lesser sum than what the creditor claims is due, there is no accord or satisfaction, whatever the legend appearing on the face of the debtor's check may be. Absence of proof that the creditor has accepted the limitation of the debtor's "payment in full" offer precludes a finding of accord or satisfaction. The debtor has only shifted possession to the creditor while the dispute remains unresolved, and, to that extent, has worsened his position. There having been no contract, there was no accord, and no satisfaction. What amount was owed remained undisposed of despite the presentation and honoring of the three checks, and AFTC was free to bring and to succeed in proving its case. The judgment in favor of AFTC is, consequently,
 
 
 10
 AfFIRMED.
 
 
 
 [1]
 VSF conceded that it owed the total of the three checks which it sent
 
 
 [2]
 The terse "okay" without more was obviously inherently ambiguous. It could mean "I acquiesce," indicating an accord. However, it equally could mean "I understand your position. It appears we have no deal."
 
 
 [3]
 Usually through deposit in a bank account